E. A. PERRY ET AL., APPELLANTS. VS. W. L. WIT-
TICH, APPELLEE.

EQUITY PRACTICE—ACQUIESCENCE IN INJUNCTION—DISSOLUTION OF
INJUNCTION AND DISMISSAL OF BILL FOR WANT OF PROSECUTING
CASE.

1. After long acquiescence under an order for an injunction, an application for its dissolution will not be readily entertained, in cases where the delay and acquiescence of the defendant in the injunction has so changed the status of the parties that the subsequent dissolution of it would injuriously and inequitably affect the complainant, or permit the defendant to exercise some inequitable or unfair advantage. acquired by reason of his acquiescence and delay.

2. Where the complainant files his bill for injunction, and obtains a temporary restraining order. and the defendant answers fully denying or avoiding the material allegations of the bill, and moves thereon to dissolve the injunction, but the dissolution thereof is refused, and replication is filed. and the cause then referred to a master to take testimony, but the complainant afterwards fails to take any testimony, and fails to take any other step necessary to the prosecution and final disposition of his case, for more than seven years; and the delay of the defendant during the same period in renewing his application for dissolution has worked no change in the status of the parties that would render its dissolution injurious or inequitable to the complainant, and will not permit the defendant to exercise any inequitable or unfair advantage obtained through his acquiescence and delay; it is not error, but proper, in such a case, to dissolve the injunction and to dismiss the complainant's bill for the want of prosecution.

3. Under rule 1 of the Circuit Courts in equity causes, any equity
    cause not finally disposed of within three years from the filing
    of the bill should be dismissed by the court at the complain-
    ant's cost, unless otherwise directed for cause shown.

Appeal from the Circuit Court for Escambia county.

The facts in the case are stated in the opinion of the court.

*Wm. Fisher* and *A. W. Cockrell & Son*, for Appellants.

No appearance for Appellee.

TAYLOR, J.:

E. A. Perry and others, composing the corporation called "The Pensacola Wharf Company," filed their bill in equity in the Circuit Court of Escambia county on the first day of July, A. D. 1881, against the appellee, W. L. Wittich, alleging, in substance, that they owned two wharves at Pensacola, reaching out into the bay to deep water from the shore, the same being continuations of Commandencia street and Jefferson street in said city, and lying parallel to each other. That said wharves are valuable and remunerative and highly useful to them and the public in such manner as wharves are usually necessary at sea-port towns. That the navigable waters in the bay in its natural ebb and flow occupied the space lying between said two wharves from the outward extremities thereof back to the shore, and was navigable and necessary to the full and complete usefulness and enjoyment of their said wharves. That the defendant, without authority, and in violation of his covenants as lessee of said wharves from the complainants for a term of years

recently expired before the filing of the bill, erected in and over said space between said two wharves and adjacent to the Commandencia street wharf, certain buildings and structures upon piles driven in the soil at the bottom of the bay, several hundred feet out from the shore, and reaching nearly across from wharf to wharf, which structures were being filled up with deposits of ballast stone from vessels, completely destroying the navigability of such area of the bay and greatly and irreparably damaging the value and usefulness of said wharves. The bill prayed for temporary and permanent injunctions, that the defendant be required to abate and remove such structures and deposits, and for damages already accrued to the complainants therefrom.

The defendant answered the bill denying the right of the complainants to have and maintain said wharves, and denying the material allegations of the bill as to navigability of the water where said structures were erected and between them and the shore, denies all damage to the complainants' wharves or franchise, and alleges that the soil under the water where said structures are erected, and from there to the shore, is owned in fee by the defendant, and that he has perfect right and lawful authority to fill in and build up the same, and that the complainants had for years stood by and acquiesced in his occupancy thereof, and in the expenditure by him of large outlays of money in said structures, and that the same is an improvement to the useful navigation of the port at that point, rather than a hindrance or depreciation thereof.

On the 5th day of July, 1881, temporary injunction was granted as prayed, upon the bill, answer and several affidavits filed for and against the application.

Replication to the answer was filed on the 5th of December, 1881, and on the 4th of January, 1882, an order was made, by consent of all the parties, referring the cause to a master to take testimony. On the 25th of March, 1882, the defendant suggested the death of one of the complainants, R. M. Bushnell, and moved the revival of his interest therein in the name of his executrix: On the 25th of April, 1882, the judge below made the following order in the cause: "Upon affidavit of plaintiffs this cause stands continued." Nothing further was done in the cause by either the complainants or defendant until the 25th of March, 1887, when the defendant renewed the motion to revive the suit, in so far as the deceased complainant, R. M. Bushnell, was concerned, in the name of his executrix, Sarah L. Bushnell. Notice of the motion was duly served on the attorney for the complainants, and a certified copy of the letters testamentary to the executrix were produced to the court by the defendant, and on March 28th, 1887, the court made an order making the said executrix a party complainant, instead of her deceased testator, R. M. Bushnell. No testimony was taken by either of the parties, and no further steps were taken in the cause by either party until the 7th day of January, 1888, when the defendant moved for a dissolution of the temporary injunction granted July 5th, 1881. The court, on January 7th, 1888, made an order, upon this motion, dissolving this injunction, but reserving the question of damages *to the defendant* for future consideration. From this order the complainants below have appealed, making their appeal returnable to the January term, 1889, of this court, to which term the defendant was cited to appear. The record on appeal was not filed here,

however, until August 31st, 1889. We may here re-
mark, too, that there was no submission of the cause in
this court upon briefs or otherwise on behalf of the
appellants until November 21st, 1892, more than three
years after the cause had been pending here.

The only error assigned is the dissolution of the
temporary injunction. The contention of the appel-
lants is, that the injunction should not have been dis-
solved without some further showing on behalf of the
defendant that it was originally granted improvi-
dently, particularly after so long an acquiescence
therein by the defendant without any effort towards
the dissolution thereof. In Kerr on Injunctions, p.
565, it is asserted that after long acquiescence under
an order for an injunction, an application for dissolv-
ing it will not be readily entertained. Upon an exam-
ination of the cases cited to support the text, we find
that this doctrine is applied only to cases where the
delay and acquiescence of the defendant in the injunc-
tion has so changed the status of the parties that the
subsequent dissolution of it would injuriously and in-
equitably effect the complainant, or permit the de-
fendant to exercise some inequitable or unfair advan-
tage acquired by reason of his acquiescence and de-
lay. Bickford vs. Skewes, 4 Mylne & Craig, 498;
Glascott vs. Lang, 3 Mylne & Craig, 451; Feistel vs.
King's College, Cambridge, 10 Beav. 491; Great Wes-
tern Railway Co. vs. Oxford, Worcester & W. Rail-
way Co., 3 DeG., M. & G. 541; Jennings vs. Brighton,
etc., Sewers Board, 4 DeG., J. & S. 735. In the case
here there appear no circumstances that would render
the dissolution of the injunction inequitable or injuri-
ous to the complainants by reason of the delay of the

16

defendant in moving for such dissolution, or by rea-
son of his acquiescence therein for so long a period.
The complainants are not shown to have gone to any
expense by the outlay of any moneys upon the sub-
ject-matter of the litigation, or to have changed the
status occupied by them in any respect at the time of
the granting of the injunction, nor to have been ef-
fected in any way by the defendant's delay in moving
for dissolution.    On the other hand, there appears no
acquisition by the defendant of any unfair advantage
by reason of his delay in thus moving, that it would
be inequitable to permit him to exercise by dissolution
of said injunction.    But, so far as the record shows
anything to the contrary, the dissolution of the in-
junction, at the time it was effected, left the parties
occupying the same status in which they were found
at the time it was granted.    In this case there has been
a remarkable exhibition of laches on the part of the
complainants in its prosecution that is wholly unex-
plained.    In July, 1881, they filed their bill, and at
once obtained the order of injunction, the defendant
answered denying or avoiding all of its material alle-
gations.    Replication to the answer was promptly filed.
The complainants then rested content, taking no tes-
timony to sustain their case, for more than seven years.
During this period one of their number died, they did
not even move to supply his vacant place in the suit
by the substitution of his legal representative, but su-
pinely left it for the defendant to become the future
actor in the premises.    This substitution of parties the
defendant effected, as he clearly had the right to do
under rule 37 of Circuit Court Equity Rules.    The in-
junction granted was only temporary in its terms, and
the complainant had no right to keep it extant indefi-

.nitely without taking any steps whatever to maintain their case by proofs, or to bring it to some final determination in the courts. Rule 1 for the government of the Circuit Courts in Equity causes provides that any chancery cause not disposed of within three years from the filing of the bill shall be dismissed by the court at the cost of the plaintiff, unless otherwise directed for cause shown. At the time the order dissolving the injunction here was made the cause had been pending for over seven years, and no steps taken by the complainants looking towards its final disposition, and no pretence of any cause was or is urged for such seeming abandonment of their cause by the complainants. The order dissolving the injunction is a practical dismissal of the cause, so far as the complainants therein are concerned, since, in the order of dissolution, the cause is retained simply and solely for the purpose of future inquiry as to any damage that the *defendant* may have suffered from the injunction. Under the circumstances the ruling of the court dissolving the injunction was proper, but we think that under the rule there should have been a complete dismissal of the cause.

The order appealed from is affirmed, in so far as it dissolves the injunction, but is reversed in so far as it retains the bill, with directions for a further order dismissing the bill.