ELIZABETH MCCARTY *et al., Appellants,* v. EMANUEL S. MCCARTY AND MONROE W. MCCARTY, *Appellees.*

### Opinion Filed March 25, 1913.

Where a bill for partition and other relief was filed on the 14th of May, 1891, and where no steps were taken nor action had in the cause from July, 1894, to the 27th of June, 1907, a period of nearly 13 years, and where on the 2nd of September, 1907, several of the defendants made a motion to dismiss the bill under Equity Rule No. 1, for want of prosecution, and where no excuse is shown for the delay except that the record had been lost, no attempt having been made to re-establish it under the provisions of the statute applicable to such a case, the Circuit Judge erred in refusing to grant the motion to dismiss the bill.

Appealed from the Circuit Court of Hernando County.

Decree reversed.

*Jones & Jones, Geo. C. Martin* and *V. H. Knight,* for Appellants;

*Davant & Davant,* for Appellees.

HOCKER, J.—On the 14th day of May, 1891, Emanuel S. McCarty and Monroe W. McCarty filed their bill in

the Circuit Court of Hillsborough County, Florida, against Elizabeth McCarty in her own right and as administratrix of Sterling McCarty, late of said county; Mary E. Jones and Thomas M. Jones, her husband; Edward S. McCarty, John O'B. McCarty, Frances E. McCarty, Ida J. Bourquardez and Joseph Bourquardez, her husband; Emma M. McCarty, Exor Florence McCarty, Willie Estelle McCarty, John A. D. Branch, Samuel L. Branch and Thomas Branch, Simon Gant, Preston Gant and Lonnie S. Gant, the three minor children of Eston Gant, as defendants. The bill alleges that Sterling McCarty departed this life on the 16th of June, A. D. 1886, intestate, seized of about 1370 acres of land in Hernando County, Florida, and other small tracts of land, all of which are described in the bill; that at the time of the death of Sterling McCarty the defendants, Elizabeth McCarty, widow of Sterling McCarty; Mary E. Jones, Edward S. McCarty, John O'B. McCarty, Frances E. McCarty, Ida J. Bourquardez, Emma M. McCarty, Exor Florence McCarty and Willie Estelle McCarty, John A. D. Branch, surviving husband, and Samuel L. Branch and Thomas Branch, surviving children, as the representatives of Martha A. O. Branch, a pre-deceased daughter of said intestate, Sterling McCarty, and Ada S. Gant, the subsequently deceased daughter of the said intestate, and your orators, survived the said intestate as his heirs-at-law and distributees, and since, to-wit, 17th of March, 1890, the said Ada S. Gant departed this life leaving as her representative the said defendants, Simon Gant, her husband; Eston Gant, Preston Gant and Lonnie S. Gant, her three minor children who are still below the age of twenty-one years, surviving her. The bill alleges that Elizabeth McCarty sued out letters of administration from the County Court of Hillsbor-

ough County on the 26th of August, 1886, and since has had control of the personal estate; that she has refused to have appraised and to administer an account for certain named personal property of the value of $12,000.00 and other property, and nevertheless represented to the County Court of Hernando County that the assets were inadequate to meet the demands on her, and procured an order of sale and sold, on January 7th, 1889, 140 acres of land for $1,800.00, a grossly inadequate price, and has wasted and refused to account for same, claiming the estate is indebted to her. The bill alleges further acts of maladministration. The bill also alleges advancements to Orator Emanuel S. McCarty in 1877 of a mule and cart of the value of $120.00, and to Orator Monroe W. McCarty of a horse of the value of $75.00, for which they stand ready to be charged, and allege advancements to each of the defendants for which they should be charged. The bill also alleges an interest of orators in a stock of cattle. The bill also alleges that the widow is entitled to dower when by her just and true accounts, an allotment can be ascertained and made. The bill also alleges that orators and defendants are entitled as tenants in common to distribution and partition of all and singular the estates, real and personal, of Sterling McCarty, etc. The bill prays for an injunction against the administratrix from selling any of the lands, and from all acts of waste, and for an accounting, and that she then have her dower allotted, that she pay such amounts as shall be ascertained against her; that distribution be made of all personalty produced; that partition he made of the lands according to the rights of the parties, and for general relief.

The foregoing gives the substance of the bill, so far as it appears necessary to give it.

A demurrer to the bill was filed and overruled in April, 1893. On the 27th of June, 1893, Elizabeth Mc-Carty answered the bill admitting that Sterling Mc-Carty was her husband and died; that she qualified as administratrix August 26th, 1886; that she made an appraisement, and she has honestly and fairly administered the estate. She denies all the allegations charging her with any misconduct, and goes into the details of her administration.

On the 27th of June, 1893, the joint and several answers of Edward S. McCarty and John O'B. McCarty were filed. The answer denies one or more of the material allegations of the bill. On July 24th, 1893, complainants filed replications to answers of Edward S. Mc-Carty and John O'B. McCarty. On April 3rd, 1894, the defendants, Elizabeth McCarty and John O'B. McCarty and Edward S. McCarty, set the case down for hearing, and on April 13th, 1894, the court entered a decree reciting that the case came on to be heard upon bill, answers and replications on file in this cause "and it appearing to the court from the record that several of the defendants named in the bill are not properly before the court, while not passing upon the merits of this cause for this reason does order, adjudge and decree that the bill in this cause is dismissed without prejudice." On the 28th of April, 1894, a petition for rehearing was filed, and this petition was granted and the case reinstated. On the 2nd of July, 1894, the complainants filed a praecipe for a decree pro-confesso against all the defendants, notwithstanding the fact it does not appear that any replication had ever been filed to the answer of Elizabeth McCarty, and Emanuel and Monroe W. had answers on file. Between July 2nd, 1894, and June 29th, 1907, a period of about 13 years, nothing

seems to have been done in this case.   On this last date a petition was filed by complainants' solicitors alleging, amongst other things, that the papers in the case were lost from the office of the clerk of said court for Hillsborough County, and remained lost and misplaced until the 15th of May, 1907, in spite of repeated and careful search for the same on part of complainants' solicitors herein, and repeated enquiry therefor at the office of said clerk of the court for Hillsborough County, when in said 15th day of May, 1907, the said file of papers was recovered.   The petition then represents that several of the defendants had in the meantime married, and several had died.   The petition prays for the substitution and making of new parties.   This was granted by Judge Wall on June 29th, 1907.   It does not appear that the defendants had any notice of this proceeding. And on the same day Judge Wall granted an application to remove the cause from Hillsborough to Hernando County because the judge regarded himself as disqualified on account of former connection of a law firm of which he was a member, with the cause.   On June 29th, 1907, an alias summons was issued addressed to several of the defendants.   On August 2, 1907, L. S. Gant, S. J. Gant and Thomas L. Branch filed their separate an- swer, admitting the allegations of the bill and claiming distribution shares of the estate.     In July, 1907, the cause was transferred to Hernando County.   On the 2nd of August, 1907, the complainants amended their bill so as to meet the changes made by time in the parties. On August 8th, 1907, the defendants, Willie E. Jones, and Paul C. Jones, her husband; T. M. Jones, Edward S. McCarty, F. E. Frey and husband, F. G. Frey; John O'B. McCarty, Eston, Preston and Alonzo Gant, minors; Simon Gant, Emma Gant and R. E. Carter, her husband;

.T. L. Branch, Samuel Branch, Mary Branch Gillette and E. W. Gillette, her husband, and Elizabeth McCarty moved to dismiss the bill of complaint on several grounds, amongst others, that the bill is stale under Equity Rule 1, the cause having been abandoned from July, 1894, to June, 1907, a period of about 13 years, and should be dismissed for lack of prosecution. On the 23rd of January, 1908, defendant G. A. Brown filed a motion to dismiss the bill for want of prosecution. On the 27th of January, 1908, the court overruled the motions to dismiss the bill, and allowed complainants to amend the same, by making additional parties, thus endeavoring to repair the ravages of time in the personnel of the case. Then followed demurrers to the bill, then motions to strike the demurrers which were granted, then petitions for rehearing, which were denied, then answers by several defendants were filed, in which, among other things, it is alleged in substance that about 1877 Sterling McCarty transferred to the complainants about 640 acres of land and some personal property which complainants accepted as their full and equitable share of his estate, and that complainants then moved to Georgia. Exceptions were filed to the answers, and especially the allegations that complainants had received their share in their father's estate, and these exceptions were sustained. The defendants then asked permission to file a cross-bill, which was denied. Then there were decrees pro confesso against several defendants, and on July 13th, 1909, a so-called final decree was entered as to some of the defendants. A motion was made to vacate this decree, which the judge in his ruling therein says was not a final decree, referring to Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722, and also to the fact that the case was hoary with age,

and getting into an unfortunate condition.   Then after sundry other proceedings were had an order appointing a master to take the testimony was made.   This was taken, and on the 25th of October, 1911, a final decree was entered.   From this decree an appeal was taken.

There are eighty-three assignments of error.   We think it necessary to consider only one of them, *viz*: that the court erred in overruling the motion to dismiss the bill, which motion was made September 2nd, 1907, one ground of which is that the bill is stale under Equity Rule No. 1, and that the cause had been abandoned from July, 1894, to the 27th of June, 1907, a period of nearly thirteen years no action having been taken in that time.   In the meantime several of the parties had died.   It had been sixteen years since the suit was begun.   It had been more than twenty years since Sterling McCarty had died.   The defendants questioned the right of complainants in the property because their shares had been given them by their father in 1877.   It is alleged in a petition by complainant's solicitors that the record had been lost from the Clerk's office of Hillsborough County during that time, and while it is asserted in the petition that diligent search had been made for it, no effort to reinstate it appears to have been made.   When the papers disappeared the record was comparatively a small one and could have been readily re-established.   How far this long delay was an aid to the complainants in defeating the defense set up by the defendants, it is impossible to say, as the transaction is alleged to have taken place about 1877, and in that long time it is probable, nay, reasonably certain, some evidence relating to it had been lost or forgotten.

In the case of Sebring v. Sebring, 43 N. J. Eq. 59, 10 Atl. Rep. 193, the court says:  "A complainant is bound

by every consideration of safety to himself and of duty to his adversary to use diligence in the prosecution of his suit. He is required to exercise reasonable diligence in matters of practice as well as other matters. *Lee* v. *Cargill,* 2 Stock, 331. Laches are always discountenanced by courts of conscience. Nothing, it has been said, will call forth the activity of a court of equity but conscience, good faith and reasonable diligence." The failure of a complainant for a long period of time to take any steps towards the prosecution of a suit operates as an abandonment of the litigation, and is fatal to the right to renew and carry it on. Such a suit will be dismissed on motion. 2 Fed. Eq. Pr. (by Street) Sec. 1345. In Lang v. Belloff, 53 N. J. Eq. Rep. 298, 31 Atl. Rep. 604, the complainants having taken no steps in six years the suit was dismissed for want of prosecution. In Hubbell v. Lankenau, 63 Fed. Rep. 881, a bill of revivor was stricken on motion after the lapse of twelve years of inaction from the date of the last proceeding. See also Brown v. Fletcher, 140 Fed. Rep. 639. In Mackaye v. Mallory, 80 Fed. Rep. 256, a delay by complainant of 13 years after joinder of issue without taking testimony gives the defendant a right to a dismissal. In Picquet, Adm'r. v. Swan, 5 Mason 561, Judge STORY says: "The general principle is perfectly well settled, that the defendant may have the bill of the plaintiff dismissed for nonprosecution, if the plaintiff does not proceed therein within a reasonable time." See, also, Dey v. The Hathaway Printing, Telegraph & Telephone Co., 41 N. J. Eq. 419, 4 Atl. Rep. 675.

Equity Rule No. 1 provides that "Any cause not disposed of within three years from the filing of the bill shall be dismissed by the court at the cost of the plaintiff, unless otherwise directed for cause shown." In Perry

v. Wittich, 37 Fla. 237, 20 South. Rep. 238, this court says: "Under Rule 1 of the Circuit Courts in equity causes any equity cause not finally disposed of within three years from the filing of the bill should be dismissed by the court at complainant's costs, unless otherwise directed for cause shown." Of course the cause which will justify a refusal to dismiss must be a reasonable, and not an arbitrary one. As mentioned before the record does not show that any effort was made during the thirteen years when the record was lost to re-establish the same, in accordance with the provisions of the Florida Statute Law, enacted to meet such a condition. That should have been done, for complainants had no right because the record was lost to suspend all action for thirteen years, and probably, as we have said, to the prejudice of the defendants in the case. The latter had the right to demand reasonable progress or a dismissal. We think the court erred in overruling the motion to dismiss the bill.

The decree is reversed with directions that the bill be dismissed.

All concur, except SHACKLEFORD, C. J., disqualified.