JOSEPH MANASSEE, *Appellant*, v. THE DUTTON BANK, A
CORPORATION, *et al.*, *Appellees*.

Opinion filed Nov. 23, 1915.

Petition for rehearing denied Dec. 15, 1915.

1. Where an insurance company has filed a bill of interpleader
   against two defendants for the purpose of having determined
   which of the two defendants is entitled to the proceeds of a
   certain life insurance policy and during the taking of the
   testimony therein an agreement was filed before the special
   master in chancery by the two defendants to the effect that,
   in the event it should be determined that the complainant
   could maintain its bill of interpleader, each defendant re-
   served the right to offer further testimony, and the appellate
   court, upon an appeal by the complainant from a final decree
   dismissing the bill, has reversed such· decree and held that
   the allegations of the bill of complaint were sufficient for
   the purposes of an interpleader, it is error for the Circuit
   Judge to deny the motion of one of the defendants to refer
   the cause back to the special master for the taking of further
   testimony therein by the defendants, in accordance with such
   agreement, and to proceed to render a final decree.

2. The matter of extending the time for the taking of testimony
   in an equity suit is for the court below to decide, 'resting within
   the sound judicial discretion of such court, and ordinarily
   the determination of this question will not be disturbed by
   an appellate court, yet such ruling is reviewable on appeal,
   and where it is plainly made to appear that there has been
   an abuse of this judicial dsicretion, it is the duty of an ap-
   pellate court to interpose and correct the same.

Appeal from Circuit Court, Alachua County; Jas. T.
Wills, Judge.

Decree reversed.

*T. B. Ellis, Jr.,* for Appellant;

*W. S. Broome* and *J. C. Adkins,* for Appellees.

SHACKLEFORD, J.—This case has been here once before. For the opinion rendered upon the former appeal see Mutual Life Insurance Co. of New York v. Manassee, 68 Fla. 316, 67 South. Rep. 120, to which we refer for a statement of the pleadings, the evidence and the final decree. Very briefly stated, The Mutual Life Insurance Co. of New York filed its bill of interpleader against Joseph Manassee and The Dutton Bank for the purpose of having determined which of the two defendants was entitled to the proceeds of a certain life insurance policy. As is stated in our former opinion, the Circuit Judge rendered a final decree wherein he held that the bill of complaint was "insufficient to entitle the complainant to maintain its bill of interpleader," and that upon the evidence the equities are with the defendants, and dismissed the bill. Upon an appeal by the complainant from this decree, we held that such decree was erroneous and reversed the same. In our opinion we said that "the allegations of the bill of complaint appear to be sufficient for the purposes of an interpleader," and also went on to say: "As the issues relative to both claims were fully made up by all the parties and testimony taken upon the issues made, the court was in a position to adjudicate the entire matter so as to be binding upon all the parties without requiring further litigation of any nature. Under these circumstances the decree dismissing the bill of complaint is reversed and the cause is remanded for

further proceedings to fully dispose of the entire contro-
versy."

Upon the going down of the mandate from this court,
Joseph Manassee filed  the following  motion: "Now
comes the defendant, Joseph Manassee, and moves the
court to refer this cause back to the Special Master here-
in, for the taking of further testimony between the de-
fendants, in accordance with the agreement of said de-
fendants and the parties set out in the proceedings con-
tained in the report of said Master of file herein."

The agreement referred  to in this  motion, which
forms part of the Special Master's report as copied in the
transcript, is as follows: "It is agreed between the solic-
itor for the defendant, Joseph Manassee, and solicitor
for the defendant, The Dutton Bank, that in the event a
final decree is rendered in favor of the complianant that
it is entitled to file and maintain this its bill of inter-
pleader, then in such event that the answer of the defend-
ant, Joseph Manassee, and the answer of the defendant,
The Dutton Bank, shall be held and taken and considered
as making up the issues between the said defendants, and
that the court may so consider the same, and in its said
decree thereafter rendered order and decree which of said
defendants is entitled to receive the sum of money, $1,-
132.00, in this case, or any part thereof; thereby settling
and decreeing the equities as between said defendants and
settling all matters of controversy between them, each de-
fendant reserving the right to offer further testimony."

This motion was denied and, upon motion of The Mu-
tual Life Insurance Company of New York, the following
final decree was rendered: "This cause coming on be-
fore me to be heard upon an application of the complain-
ant for a final decree herein in accordance with the de-

cision and opinion of the Supreme Court of Florida in said cause, and a copy of the opinion of the Supreme Court having been filed in this court and this court being advised of said judgment and decision of the Supreme Court; and it further appearing that the final decree heretofore entered in this cause has been reversed by the Supreme Court, and that the Appellate Court holds that the complainant is entitled to maintain its bill of interpleader; and it further appearing to this court that the issues between the defendants Joseph Manassee and The Dutton Bank have been fully made up and that all material and essential testimony has been submitted on said issues; and that The Dutton Bank is entitled to receive the money due under said policy and now paid into the Registry of this court; and it further appearing that the defendant Joseph Manassee should pay the costs of this case ultimately; and the court further finds that the complainant should have a fee of one hundred twenty-five dollars as and for its solicitor the same to be paid out of the fund in court; and the premises considered it is therefore, ordered, adjudged and decreed by the court:

First: That the complainant The Mutual Life Insurance Company of New York be and it is allowed to interplead in this case and that the defendants The Dutton Bank be and it is enjoined from further prosecuting its suit at law against the said complainant, and the defendant Joseph Manassee be and he is enjoined from proceeding against the complainant on account of said insurance policy; and it is further ordered and decreed that out of the fund so paid into the Registry of this court that the Clerk of this Court do pay to the complainant or its solicitor of record the costs of this case together with the sum of one hundred twenty-five dollars which is allowed

the complainant for its solicitor of record; and it is further ordered that the complainant be dismissed from any further litigation herein.

Second. It is further ordered, adjudged and decreed by the court that the Clerk of this Court do pay to The Dutton Bank or its solicitor of record herein the money so paid into the Registry of this court, less the costs and attorney's fees provided in the preceding paragraph to be paid out of said fund; and it is further ordered and decreed that the defendant Joseph Manassee do pay the costs of this case including the attorney's fee, allowed by the court, and that The Dutton Bank do have and recover of and from said deefndant Joseph Manassee the costs, including attorney's fee, so paid in this case to be taxed by the Clerk of this court and that the defendant The Dutton Bank do have execution in its favor therefor for said costs as at common law upon application of defendant The Dutton Bank or its solicitor herein."

From this decree Joseph Manassee has entered his appeal and has assigned several errors, one of which is as follows: "The Honorable Circuit Judge erred in denying the motion of Joseph Manassee, on January 6, 1915, to refer the cause back to the Special Master herein for the taking of further testimony in accordance with agreement of defendants set out in the proceedings contained in the report of said Master."

We are of the opinion that this error is well assigned, since under the agreement which we have copied above, each of the defendants reserved the right to offer further testimony in the event that it should be determined that the complainant could maintain its bill of interpleader. It is evident that the Circuit Judge has placed an erroneous construction upon the opinion which we rendered

upon the former appeal. As we held in Long v. Anderson, 48 Fla. 279, 37 South. Rep. 216, 5 Ann. Cas. 846, "The matter of extending the time for the taking of testimony in an equity suit is for the court below to decide, resting within the sound judicial discretion of such court, and ordinarily the determination of this question will not be disturbed by an appellate court, yet such ruling is reviewable on appeal, and where it is plainly made to appear that there has been an abuse of this judicial discretion, it is the duty of an appellate court to interpose and correct the same."

Since we must reverse the decree for this error, it is neither advisable nor proper for us to discuss the other assignments.

Decree reversed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.