ENNALLA R. CAPEHART AND GEORGE G. SOMERVILLE, EXECUTORS OF THE LAST WILL AND TESTAMENT OF JAMES CAPEHART, DECEASED, *Appellants,* v. FARMERS BANK & TRUST COMPANY, A BANKING CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA, AND T. T. REESE, *Appellees.*

Opinion Filed January 8, 1923.

1. Equity Rule 71 provides: "Three months, and no more, shall be allowed for the taking of testimony after the case is at issue, unless the judge shall, upon special cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing."

2. The matter of extending the time for the taking of testimony in an equity suit is for the court below to decide, resting within the sound judicial discretion of such court, and ordinarily the determination of this question will not be disturbed by an appellate court, yet such ruling is reviewable on appeal, and where it is plainly made to appear that there has been abuse of this judicial discretion, it is the duty of an appellate court to interpose and correct the same."

. 3. Where repeated orders are made upon mere ex parte motion of counsel with no showing of "special cause" for an extension of time for taking testtimony in a chancery cause, as is expressly required by Rule 71, such orders will be reversed for appropriate procedure.

An Appeal from the Circuit Court for Palm Beach County; E. C. Davis, Judge.

. Reversed.

*Milam & Milam,* for Appellants;

*M. D. Carmichael* for Appellees.

WHITFIELD, J.—This appeal was taken from six orders made upon motion of the defendants without notice to opposite parties, extending the time for taking testimony and from other interlocutory orders in a suit for discovery and accounting involving fiduciary relations. ..

Equity Rule 71 provides: ''Three months, and no more, shall be allowed for the taking of testimony after the cause is at issue, unless the Judge shall, upon special cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing.''

The matter of extending the time for the taking of testimony in an equity suit is for the court below to decide, resting within the sound judicial discretion of such court, and ordinarily the determination of this question will not be disturbed by an appellate court, yet such ruling is reviewable on appeal, and where it is plainly made to appear that there has been an abuse of this judicial discretion, it is the duty of an appellate court to interpose and correct

the same.'' Manassee v. Dutton Bank, 70 Fla. 427, 70 South. Rep. 363; Long. v. Anderson, 48 Fla. 279, 37 South. Rep. 216.

In this case the testimony of the complainants was duly taken. No notice of the several applications by the defendants for extension was given, and the orders granting repeated extensions of time for taking testimony were made upon mere ex parte motion of counsel for the defendants, with no showing whatever of ''special cause'' for an extension as is expressly required by the Rule above quoted. Such orders were on this record clearly erroneous and the orders appealed from are reversed with directions to enter an appropriate decree on the testimony already taken, unless a proper showing is promptly made as required by the rule for a limited extension of time for taking further testimony that may be essential to a just decree in the cause.

Reversed.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.