GEORGE P. MORRIS, AS TRUSTEE IN BANKRUPTCY OF J. W. MAY AND M. M. MAY, COPARTNERS, ETC., DOING BUSINESS AS J. W. MAY & COMPANY, *Appellant*, v. PHIFER STATE BANK, A CORPORATION, *Appellee.*

En Banc.

Opinion Filed June 24, 1925.

1. Failure on the part of a complainant for an indefinite period of time to prosecute his suit operates as an abandonment of the litigation and is fatal to his right to renew and carry it on.

2. Motion to dismiss under Equity Rule No. 1. Compiled Rules of Practice, may be submitted and disposed of at any time. Sec. 3104, Rev. Gen. Stats. of Florida, Chancery Rule 2, page 95, Compiled Rules of Practice.

An Appeal from the Circuit Court for Alachua County; A. V. Long, Judge.

Judgment affirmed.

*Butler & Boyer,* and *F. Y. Smith,* for Appellant;

*C. R. Layton, T. B. Ellis, Jr.,* and *J. C. Adkins,* for Appellee.

TERRELL, J.—This appeal is from a final decree dismissing the bill of complaint as authorized by Equity Rule No. 1 for the government of the Circuit Courts of Florida in Equity. That part of Equity Rule No. 1 pertinent to the issue raised here is as follows:

"Any cause not disposed of within three years from the filing of the bill shall be dismissed by the court at the cost of the plaintiff, unless otherwise directed for cause shown. Upon application and notice within a reasonable time, not exceeding one year, the cause may be reinstated upon the docket, in the discretion of the court."

The provisions of this rule, like all others vesting large discretion in the chancellor, are to be enforced with caution. The complainant is required by it to exercise reasonable diligence in all matters designed to expedite litigation and must not be deterred in this except by consideration of his own safety and the duty he owes to his adversary. Failure on the part of a complainant for an indefinite period of time to prosecute his suit operates as an abandonment of the litigation and is fatal to his right to renew and carry it on. McCarty v. McCarty, 65 Fla. 332, 61 South. Rep. 627; Perry v. Wittich, 37 Fla. 237, 20 South. Rep. 238.

It is contended by appellee that the motion to dismiss should have been denied because under the rule such mo-

tions can only be made in term time, while the motion under consideration was made in vacation.

We do not think the rule susceptible of such interpretation, since under the law of our State chancery courts are open at all times for the consideration of matters properly presented to them. Motion to dismiss under Equity Rule No. 1 as above may be submitted and disposed of at any time. Sec. 3104, Rev. Gen. Stats. of Florida, Chancery Rule 2, page 95, Compiled Rules of Practice.

The rule under consideration is plain and unambiguous in its terms, and it decrees that "unless otherwise directed for cause shown," all actions in chancery not disposed of within three years from the filing of the bill *shall* be dismissed at the cost of the plaintiff. Councel for appellant filed his affidavit with certain supporting evidence resisting the motion to dismiss. This affidavit recites the history of the case, tells of not being able to get it before the court on account of the absence of the judge and attorneys from the Circuit, relates numerous courtesies extended by counsel for both sides to each other, besides conflicts in their engagements. If this was a question of showing industry and a fine spirit on the part of counsel, a complete defense would perhaps be raised; but as against the clear provisions of the rule such defense is not "cause shown" why the bill should not be dismissed when it has been standing on demurrer for more than four years.

The decree of the chancellor dismissing the bill is affirmed.

WEST, C. J., AND WHITFIELD AND STRUM, J. J., concur.