CLAUDE C. WOODWARD, *Appellant*, v. FRANKIE WOODWARD, *Appellee*.

Division B.

Opinion Filed March 1, 1928.

Petition for Rehearing Denied March 29, 1928.

*Murray Sams,* Attorney for Appellant;

*R. L. Selden,* Attorney for Appellee.

BUFORD, J.—In this case the appellee filed bill for divorce. After demurrer had been submitted and overruled appellant filed an answer asking for affirmative relief. Decree *pro confesso* was entered on the 6th day of September, 1926, against the complainant on the allegations of the answer. A master was appointed on October 26th. The testimony was taken before the special examiner on the 20th day of December, 1926, more than three months after the date of the entry of the decree *pro confesso* and without an order for enlargement of time in which testimony should be taken having been made by the court. On the 5th day of January the court entered a final decree, as follows:

"This day this cause came on for final hearing on the affirmative answer of the defendant taken as confessed and the special examiner's report of testimony in support thereof and was duly considered by the court, and it appearing to the court that the affirmative allegations of the answer are sustained by the testimony, it is, therefore:

"ORDERED, ADJUDGED AND DECREED:

"(1) That the marital relation heretofore existing between the complainant, Frankie Woodward, and the defendant, Claude C. Woodward be and the same is hereby annulled, dissolved, vacated and set aside.

"(2) That all interlocutory orders entered by this court in the above cause be, and the same are hereby annulled, vacated and set aside.

"All of which is done and ordered at chambers in De-Land, Florida, this 21st day of Dec. A. D. 1926."

On the 15th day of March the appellee filed a petition for rehearing which may be, and is, considered in the nature of a bill of review and on the 8th day of June, 1927, the petition was heard before the circuit judge and on the 15th day of June the court made an order, as follows:

"The above and foregoing cause coming on to be heard before me this 8th day of June, A. D. 1927, upon application of the complainant herein to vacate and set aside final decree herein entered on the 21st day of December, A. D. 1926, and filed in the office of the clerk of the circuit court on the 5th day of January, 1927, and open up the decree *pro confesso* entered herein on the 6th day of September, A. D. 1926, against the complainant herein, against whom affirmative relief has been asked in an answer filed in said cause on the 2nd day of August, A. D. 1926, for failure of the complainant to reply thereto as required by law and the rules of practice of this court, and it appearing to the court from the records of said cause that the testimony taken therein and read before the court, upon which final decree sought to be vacated, was based, was not taken within the time allowed for the taking of testimony according to the interpretation of the court of Old Chancery Rule No. 71, which said rule states that 'three months and no more shall be allowed for the taking of testimony after the cause is at issue * * * and no testimony taken after such period shall be allowed to be read in evidence at the hearing,' it having been contended by the defendant that said rule did not apply to *ex parte* matters; the court being of the opinion that it does, otherwise,

*ex parte* matters could never be said to be at issue, therefore,

"In view of this, the court finds from the showing made that said final decree, being based upon testimony that should not have been read to the court at the said final hearing, said final decree is void and should be so declared, vacated and set aside and said cause dismissed, which is done this 15th day of June, A. D. 1927.

"Done, ordered, adjudged and decreed in chambers at Datyona Beach, Volusia County, Florida, this 15th day of June, A. D. 1927."

From this last order the appellant took his appeal, filing two assignments of error, as follows:

"1. The court erred in and by its order dated June 15th, A. D. 1927, in vacating and setting aside the final decree in said cause.

"2. The court erred in and by its said order dated June 15th, A. D. 1927, in dismissing the said cause."

On the 2nd day of August the appellee filed cross assignment of errors.

The order of the chancellor vacating the final decree of divorce was made within six months after the entry of such decree and at that time the court maintained its jurisdiction of the cause and of the parties and was then clothed with power to correct or vacate an erroneous or unwarranted decree entered within such period. We find no material error in the decree of the court made on the 15th day of June, 1927, upon which the appellant bases his assignments of error. Mitchell v. Mason *et al.,* 90 Fla. 201, 106 Sou. 430.

The decree recites that the court finds that the final decree of divorce is void. This finding was erroneous but was harmless error. The decree of divorce was not void but was erroneously entered and, therefore, should have been vacated because it was not supported by proof law-

fully taken and considered. Maxwell v. The Jacksonville Loan & Improvement Co., 45 Fla. 425, 34 Sou. 255; Capehart *et al.* v. Farmers Bank and Trust Co. *et al.,* 84 Fla. 690, 94 Sou. 864.

The decree setting aside the final decree of divorce and dismissing the cause should be affirmed, and when this is done the cross assignments of error are thereby disposed of, and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM, J., concur in the opinion and judgment.

BROWN, J., dissents.