H. CLAY ABNEY, JR., MARY CARUTHERS NICHOLS, a married woman joined by her husband, G. R. Nichols, and G. R. Nichols in his own right, *Appellants*, v. F. T. HURNER, *Appellee*.

Division B.

Opinion filed April 24, 1929.

*Henry E. Williams,* for Appellants;

No appearance for Appellee.

Decision filed February 19, 1929.

Petition for rehearing denied April 24, 1929.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered, and adjudged by the Court that the said decree of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P. J., BUFORD, J., AND LONG, Circuit Judge, concur.

Opinion filed April 24, 1929.

LONG (Circuit Judge):

The bill in this cause prays that the defendant be enjoined from disposing of certain described lands; that the deed conveying said lands to defendant be decreed to be

void; that the deed executed by defendant to lands exchanged for lands mentioned and described in complainant's deed be canceled; and that certain notes and mortgages executed by complainants be also canceled. On May 2, 1927 the defendant filed his answer admitting the execution of the instruments but denying in detail and specifically the several allegations of the bill. The court appointed a master to take testimony and fixed the time for the taking of such testimony at 60 days, subsequently extending such time until October 31, 1927. No testimony was taken and the cause was set down for final hearing on the bill and answer. The time for taking testimony was fixed on the suggestion of complainant and the court subsequently indulged the complainant further by the extension of such time.

The answer most certainly denies every material allegation of the bill, and also incorporates a counter claim, as is admitted by complainant's brief.

If it was necessary to file an answer to paragraph fifteen of the bill alleging this counter claim in order that the cause should have been at issue, then the complainants who had several months in which to avail themselves of this rule, should not, upon the final hearing, be heard to complain; nor can they complain of the negligence of their counsel which the law visits upon them.

The motion to dismiss was properly denied because the defendant had acquired, as appears from the answer, a substantial right in the cause and would have been seriously prejudiced by a dismissal.

The denial of the motion to extend the time for taking testimony was within the discretion of the chancellor, and as there does not appear to be an abuse of such discretion the petition for rehearing is denied.

WHITFIELD, P. J., AND BUFORD, J., concur.