WILLIAM PAYNE HANCOCK v. MAUDE LANE HANCOCK.

175 So. 734.

Division A.

Opinion Filed June 28, 1937.

Rehearing Denied July 31, 1937.

*Francis P. Whitehair* and *Hull, Landis & Whitehair,* for Appellant;

*Hampton, Bull & Crom,* for Appellee.

PER CURIAM.—This is an appeal from certain orders of the Chancellor below denying defendant's motion to dis-

miss the cause, denying defendant's motion to vacate the order of reference and to set aside the Special Master's Report, and denying defendant's motion to strike the complainant's answer to defendant's answer seeking affirmative relief.

On March 11, 1931, complainant filed her bill of complaint in the Circuit Court of Hillsborough County, praying that she be awarded temporary and permanent alimony and support money for herself and minor son, as well as temporary and permanent solicitors' fees. The bill contained allegations setting up cruelty, lack of support and maintenance and desertion of complainant by defendant, so that complainant had to return to her mother in Virginia. See Sections 4988 and 4989 C. G. L.

After the defendant had been served but before appearance day, solicitors for the parties stipulated for the entry of a decree against defendant for temporary alimony of $17.50 per week and a temporary solicitor's fee of $50.00, without prejudice to either party on final hearing. The Chancellor by order of March 23, 1931, ordered that the stipulation be put into effect.

Defendant, on May 18, 1931, filed his answer, denying the material allegations of the bill of complaint, and praying by way of affirmative relief that he be granted a divorce *a vinculo matrimonii* from complainant on the ground of desertion.

Presumably there was an order referring the cause to a Special Master to take testimony and make his report, but the record does not show. However, the record does show an order of July 11, 1931, extending the time for taking testimony to October 1, 1931. No order was made extending the time to November 1, 1931, but on that date an order was made extending the time for taking testimony for ninety days further. On January 27, 1932, another order

extending the time for ninety days further. On April 26, 1932, another order extended the time an additional ninety days.

No testimony was taken under any of these orders nor was anything done in the progress of the cause after the fourth extension of time for taking testimony until January 11, 1936, when complainant filed her answer to the answer of defendant seeking affirmative relief, denying every allegation therein contained.

Upon complainant's motion, the court, on February 21, 1936, appointed J. F. Miyares, Special Master to take testimony and report the same to the court together with his findings of fact and conclusions of law.

Pursuant to that order, testimony was taken before the Special Master on February 28, 1936. Defendant was not present and was not represented by counsel at the hearing. After finding that defendant was in arrears on temporary alimony approximately $3,300.00, the Special Master decided that although complainant could have enforced the order for temporary alimony *pendente lite* by contempt proceedings or otherwise, a judgment for this amount should not now be entered against defendant, because the purpose of temporary alimony is that the wife should not be left without means of support while her rights are being adjudicated. The Special Master gave as his further reasons for not recommending entry of judgment for temporary alimony that no lien can be created on the husband's property in case of a temporary allowance, though it could be in case of permanent alimony, that temporary alimony being interlocutory in character does not constitute a judgment on which execution can be issued, nor a decree in equity for the payment of money. The Special Master recommended that complainant's prayer for separate maintenance be granted, and defendant be decreed to pay her as permanent

alimony $17.50 per week and a permanent solicitor's fee of $150.00 and that the prayer of defendant's answer asking that defendant be granted a divorce *a vinculo et matrimonii* be denied.

On July 16, 1936, Francis P. Whitehair and Hull, Landis. and Whitehair, filed their appearance as solicitors for the defendant.

On July 22, 1936, defendant filed his motion to vacate the order of reference to a Special Master and to set aside the Special Master's Report, urging as grounds for the motion: (1) defendant had no notice of the proceedings had in 1936 prior to issuance of the writ of garnishment, and was not present in person or by counsel at the taking of testimony before the Special Master on February 28, 1936; (2) the time for taking testimony expired on July 26, 1932, and no further orders enlarging the time were filed; (3) defendant's answer praying for affirmative relief was filed on May 18, 1931, and no reply was made thereto in the time allowed by law; (4) at the time the Special Master was appointed to take testimony the cause had been at issue for more than three months; (5) there has been no order extending the time for filing a reply to defendant's counterclaim; (6) testimony taken under the aforesaid order was not taken in accordance with the rules of court and laws of the State of Florida; and should not be allowed to be read on final hearing of the cause.

On the same date defendant made a motion to strike the answer filed by complainant, and for grounds of the motion urged the following: (1) the answer was not filed within the time allowed by law; (2) the answer of complainant, to defendant's answer asking for affirmative relief filed May 18, 1931, and a copy thereof mailed at that time to complainant's solicitor, was not filed until January 11, 1936, and no order was secured allowing the filing thereof by com-

plainant; (3) complainant's answer was filed more than three and one-half years after any action was taken in the cause; (4) said answer was filed more than four and one-half years after the bill of complaint was filed, and the cause had become dormant; (5) said answer was filed more than three years after any action was taken in the cause, and complainant is barred by laches from filing the same.

On the same date defendant filed a motion to dismiss the cause, and for grounds of the motion urged the following: (1) more than three years have expired since the filing of the bill of complaint herein; (2) complainant is guilty of laches and is not entitled to any relief; (3) any evidence introduced or testimony taken will not be admissible on final hearing; (4) the cause has become dormant through the laches and delay of complainant and through no fault of defendant; (5) the issues in this case are such that it will be impossible for the court to determine them on final hearing without the introduction of admissible evidence in support thereof.

The court by its order of October 29, 1936, dismissed a certain writ of garnishment not involved in this appeal, and denied the motion to dismiss and the motion to vacate the order of reference and· to set aside the ·Special Master's report. The court by its order by November 9, 1936, denied the motion to strike complainant's answer. From these two orders defendant took appeal. Motion to dismiss the appeal in the Supreme Court was denied.

I

This appeal does not involve the merits of the case as there has been no final decree adjudicating the equities of the parties, from which appeal is or may be taken. Neither is the appeal from the report of the Special Master. But it is from the two orders of the Chancellor denying the

motion to dismiss, the motion to vacate the order of reference and to set aside the Special Master's report and the motion to strike the answer of complainant. This appeal raises the question of the right of the court to proceed with the cause after the lapse of time set out in the various motions.

Section 4907 C. G. L. provides in part:

"If the answer include a set-off or counter claim, the party against whom it is asserted shall reply within twenty days after the filing of the answer unless a longer time be allowed by the court. * * * In default of a reply, a decree *pro-confesso* on the counter claim may be entered as in default of an answer to the bill."

Complainant's failure to answer defendant's answer seeking affirmative relief was not taken advantage of by the defendant, who could, at any time after twenty days from the date of filing his answer seeking affirmative relief, have asked for entry of default on his counter claim and could have proceeded thereafter *ex parte*. Sections 4907, 4909 C. G. L. In order for complainant to be able to file her answer after more than twenty days have elapsed since the filing of defendant's answer, permission of the court must be first secured. Sec. 4907 C. G. L. No such permission was obtained in this case.

The objection that a replication has not been filed will be waived by proceeding as if it were on file. Keator Lumber Co. v. Thompson, 144 U. S. 434, 12 Sup. Ct. 669, 36 L. Ed. 495; Viser v. Willard, 60 Fla. 395, 53 Sou. 501; Crump v. Perkins, 18 Fla. 353; June v. Myers, 12 Fla. 310.

In the case of Obner v. Hurner, 97 Fla. 240, 121 Sou. 883, there was a bill of complaint and answer which included a counter-claim. Time for taking testimony was fixed on suggestion of complainant, and the court further indulged complainant by extending the time in which to

take testimony. No testimony was taken and further extension of time was denied by the Court, and the cause was set down for hearing on bill and answer. Complainant objected because no answer had been filed to the counterclaim contained in defendant's answer, and this court held:

"Complainants who had several months in which to file answer to counter-claim, should not be heard to complain on final hearing if answer to counter-claim was required."

The answer of defendant seeking affirmative relief was filed May 18, 1931, and complainant's answer thereto was not filed until January 11, 1936. In the meantime, complainant had asked for and obtained, in 1931 and 1932, four orders extending the time in which to take testimony, the last of which expired ninety days after April 26, 1932. The action of complainant in asking for and having granted to her four extensions of time for the taking of testimony, which presumably followed an order referring the cause to a Special Master, would seem to be a waiver of the filing by her of any further pleadings in the cause, and that she by such action thereby considered the cause already at issue. To allow complainant to wait three and one-half years after the expiration of the last of four orders extending the time for taking testimony, and without any attempt to revive the cause or to obtain leave of court to file an answer to defendant's answer, to file such answer is not according to the rules of equity practice and is violative of the provisions of Section 4907 C. G. L. An answer so improperly filed is, upon motion, subject to being stricken, and defendant's motion in this respect should have been granted by the court.

## II

It is contended that the Chancellor should have vacated the order of reference made in 1936 and should have set

aside the Special Master's Report, upon motion to that effect.

Equity Rule 71 and Section 46 of the Chancery Act, Chapter 14658, Acts of 1931, each provide, in part, as follows:

"After the entry of such an order (fixing the time within which testimony shall be taken), the Court may, upon good cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing."

The Chancery Act became effective October 1, 1931, and the proceedings in this cause after that date were governed by the Chancery Act. See Section 77 of Chapter 14658, Acts of 1931.

"Three months' time after the cause is at issue as to all proper parties defendant is allowed for the taking of testimony in a chancery suit. Rule 71, Rules for the Circuit Courts in Chancery," Verdier v. City of Tampa, 86 Fla. 341, 98 Sou. 751."

Section 46 of the Chancery Act, Chapter 14658, Acts of 1931, contains a similar provision.

The extension of time under this rule rests within the sound discretion of the Chancellor. Capehart v. Farmers Bank & Trust Co., 84 Fla. 690, 94 Sou. 864; Manassa v. Dutton Bank, 70 Fla. 427, 70 Sou. 363.

"Where there has been failure to take testimony within the time allowed by Equity Rule 71, and laches in applying for enlargement of time to take it, the enlargement should not be granted except upon strong showing of disqualification or positive hindrance to act, or of excuse in indulgence or assent of the other side." Converse v. Converse, 81 Fla. 671, 88 Sou. 609, citing Magbee v. Kennedy, 26 Fla. 158, 7 Sou. 529.

The rule as above announced by this Court holds true whether the cause proceeds under Equity Rule 71 or under Section 46 of the Chancery Act, Chapter 14658, Acts of 1931.

In the instant case, the cause was assumed to be at issue by the act of the parties in asking for appointment of a Special Master to take testimony. The Court granted the request and granted four separate extensions of time for taking testimony, the last of which expired ninety days after April 26, 1932. Thereafter complainant allowed the cause to remain idle for approximately three and one-half years without taking any action at all, and then after filing her answer to defendant's answer seeking affirmative relief, asked for the second time during the course of the litigation, that a Special Master be appointed to take testimony. The Court granted the request. This was in effect granting an extension of time to take testimony three and one-half years after the last extension has expired. The record does not contain any excuse for this long delay in failing to take testimony or to renew the extension of time in which to take testimony. It may be that complainant was lulled into a state of inertia in this case by the sense of security she felt she had obtained in the order granting temporary alimony, and that so long as it was being paid, she was getting all that she could expect to get under a decree awarding her permanent alimony. However that may be, when payment of temporary alimony ceased, complainant became aware that she had no final decree awarding her permanent alimony and the time for taking testimony under the last extension had expired. The temporary alimony stopped in 1934 and complainant filed her answer in 1936. Complainant adopted the course of action already outlined to continue the original cause. We feel that under these circumstances the court erred in granting the order of

reference and also erred in refusing to vacate the order of reference and set aside the Special Master's Report.

### III

It is also contended that the cause abated for want of prosecution for a period of more than three years.

Section 4218, (1) C. G. L. provides in part:

"All * * * suits in equity pending in the several courts of the State of Florida in which there shall not affirmatively appear from some action taken by the filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of three years, shall be deemed abated for want of prosecution and the same shall be dismissed by the Court having jurisdiction of the cause, upon motion of any person * * * interested * * * without revivor or notice."

The statute further provided that:

"Suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within six months after such order of dismissal."

Under the provisions of this statute the absence from the record of any affirmative action having been taken in the cause for a period of three years automatically abates the cause, and the cause is subject to being dismissed upon motion of any interested party, and at any time within six months after dismissal of the cause, it may, upon good cause shown be reinstated by the court. Failure to take any affirmative action in this case for over three years abated the cause not only as to the relief sought by the bill of complaint but also as to the affirmative matter set up in the answer of the defendant. The cause as set up by complainant in her bill of complaint and the cause as set up by defendant in his answer were each subject to being dismissed upon the motion of any interested person. In

the absence of any such motion or motions, the causes stand abated, and before any action may thereafter be taken in either of the causes, proper proceedings to revive the abated causes must first be instituted. See 1 Am. Jur. 107, 108, Sections 165, 166.

In this case no proceedings were taken to revive the abated cause of complainant. Even if it was proper for the court to have again referred the cause to a Special Master to take testimony in 1936 complainant's abated cause was not properly revived so that such action could be taken. The motion to vacate the order of reference and to set aside the Special Master's Report should have been granted.

## IV

It is also contended that the cause should have been dismissed by the Chancellor under Equity Rule 1 during the year 1934 and that complainant may consider it as already done.

Equity Rule 1 provides, in part, as follows:

"Any cause not disposed of within three years from the filing of the bills shall be dismissed by the court at the cost of the plaintiff, unless otherwise directed for cause shown. Upon application and notice within a reasonable time, not exceeding one year, the cause may be reinstated upon the docket, in the discretion of the court."

In the cases of Perry v. Wittich, 37 Fla. 237, 20 Sou. 238; McCarty v. McCarty, 65 Fla. 332, 61 Sou. 627; Morris v. Phifer State Bank, 90 Fla. 55, 105 Sou. 150, this Court held that since nothing had been done for a period of over three years towards the final disposition of the cause, that the motion to dismiss the cause should have been granted under Equity Rule 1. In each of the cited cases the motion was made after the lapse of the specified time before any action had been taken in the cause by complainant. In the

instant case the motion to dismiss came after the filing of complainant's answer, the order of reference had been made and the report of the Special Master had been filed. These acts taken in the cause after the lapse of the required time but before the filing of the motion to dismiss the cause should have been stricken upon motion. Without these proceedings in the record, the motion to dismiss could be granted. The Rule only requires that the movant show that three years have elapsed since the filing of the bill and that the cause is still pending, and the cause will then be dismissed by the court, unless otherwise directed for cause shown. There was no showing of cause why complainant had indulged in this long delay and had not disposed of the cause within three years, and the motion to dismiss should have been granted. The Rule also provides that the cause may be re-instated upon the docket upon application and notice within a reasonable time, which time must not exceed one year from the order dismissing the cause, if the court in its discretion so decides to reinstate it. This provision of the Rule contemplated that cause, such as would justify the court in refusing to dismiss, upon motion, in the first instance, be shown in order to have the case reinstated.

The record contained many papers showing an attempt in the lower court to bring defendant before the court in order that he might be adjudged guilty of contempt for failure to pay temporary alimony; but, inasmuch as defendant was never brought before the court on contempt proceedings, was never adjudged to be in contempt of court, and no assignments of error are based upon such proceedings, that part of the record is surplusage and was not considered by this Court.

Appellee filed her petition asking for temporary alimony and counsel fees on appeal, and expressly stated that she did not ask for support money for her son. It appears

that appellee was very dilatory in prosecuting her case in the lower court and thereby caused the defendant husband to pay her temporary alimony, although reduced in amount during the latter months of the period, for a period of three years after he filed his answer in the cause. It would seem unjust to now make appellant husband pay temporary alimony and counsel fees of appellee wife on appeal, when the appeal was occasioned by the unexcused delay of the wife in prosecuting to final conclusion the cause in the lower court. The appellee wife will therefore be denied alimony and counsel fees on appeal here.

The orders appealed from are erroneous and the cause is remanded for appropriate proceedings not inconsistent with the views expressed in this opinion.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents in part.

MR. JUSTICE DAVIS, concurred in the foregoing opinion.

BROWN, J. (dissenting in part).—By its terms, Equity Rule 1 is not self-executing but requires an order of Court to give it effect. Nor do the words in Sec. 4218, C. G. L. "shall be deemed abated" mean that the cause is automatically and absolutely abated. An order of court is required and even if an order of dismissal had been entered by the Court, it would have been subject to the power of the court to re-instate for good cause shown within six months. Thus this statute and equity rule 1, recognize that the court must take some action, and is vested with some discretion. But here both the court and the parties recognized that the cause was still pending. Furthermore, the defendant appellant was in contempt having failed to pay the alimony required. At least, this is my understanding of the facts, and the law, as to this feature of the case.