STURGIS, Judge.
This is an appeal from an interlocutory order entered in a suit to quiet title to real property wherein the appellee, Norjh Florida Loan Association, Inc., was plaintiff and the appellant, John W. Campbell, was a party defendant and counterclaimant.
Appellee’s bill of complaint was filed on July 8, 1953. It named as a party defendant one W. G. Campbell whose address was unknown. The complaint also designated as parties defendant the unknown successors in interest and those claiming under said W. G. Campbell in the event he should be dead. The appellant is a son and one of the heirs at law of said W. G. Campbell, deceased. In regard to the cloud on title to plaintiff’s real property involving the claim of the appellant, the complaint charged, in substance: That on December 3, 1940, a county tax deed issued to W. G. Campbell purporting to convey real property in said county described as follows, to-wit:
“Commencing at the stake situated at high water mark on the Bay and running North 3 acres, then following the Coast line from above stake 3j/¿ acres, 29 degrees South of East, as described in Deed Book ‘DD’, page 519, Section 31, Township 6, Range 1 West, 10 acres.”
The complaint further charged, in substance, that said tax deed, recorded in the public records of said county, is void because the property description contained therein is incompetent as a basis for tax title, and that the tax deed therefore constitutes a cloud upon plaintiff’s title.
Service of process by publication was perfected upon the appellant and those falling within the class represented by him on August 15, 1953, following which date the suit lay dormant until December 8, 1958, when the appellant, as a party defendant and counterclaimant, peremptorily filed an answer and counterclaim and served copies thereof on plaintiff’s attorney.
The answer alleged in substance the re-' lationship of the defendant-appellant as the son and heir at law of the grantee named in *486 said tax deed, and further alleged that appellant had “never seen a copy” of the complaint. On that premise alone, the appellant’s answer stated that he was “without knowledge of the allegations in the complaint and, therefore, denies the same.” This and nothing more.
By an equally brief counterclaim, the appellant alleged issuance of the tax deed mentioned in the complaint and charged that W. G. Campbell during his lifetime and thereafter the counterclaimant paid all taxes assessed against the property conveyed by the tax deed. On this bare predicate the counterclaimant alleged “that by virtue of their title they have been in possession of the property at all times during the past eighteen years.”
On January 5, 1959, the appellant filed a motion for decree pro confesso against the plaintiff for failure to answer or otherwise plead to the counterclaim, and on January 8, 1959, the Clerk of the Circuit Court entered a decree pro confesso in favor of the plaintiff-appellee, instead, as follows:
“It appearing that W. G. Campbell, et als defendants in the above entitled suit have been duly served according to law, and that said defendants having failed to file and serve answer or other defense to the bill of complaint within the time prescribed by law, or fixed by Court, and the said plaintiff elect[s] to take this order.
“It is thereupon ordered by the Court that the bill of complaint herein be, and the same is hereby taken as confessed by the said defendants W. G. Campbell, et als and that this cause shall proceed ex parte and decree rendered by the Court according to law.”
There was no motion of the plaintiff or other predicate for this order which is not only inconsistent with defendant’s motion, but against his interest.
On April 8, 1959, plaintiff filed a motion to vacate the decree pro confesso and to strike the answer and counterclaim, on the grounds (1) that the answer and counterclaim were not timely filed, and (2) that due to illness of counsel for plaintiff, notice of the filing of the answer and counterclaim did not come to his attention until shortly prior to the date of plaintiff’s said motion. Thereupon the defendant moved the court to strike plaintiff’s said motion, and upon hearing the pending motions the court entered the order appealed which (1) denied defendant’s motion to strike plaintiff’s motion, (2) granted plaintiff’s motion, and (3) allowed the defendant ten days in which to file a petition for permission to intervene.
As the action of the trial court in setting aside the mentioned decree pro confesso is altogether compatible with appellant’s interest, there is no merit in his contention that it was error to do so.
There is nothing in the record on appeal indicating that service of process was not perfected according to law upon all parties defendant, including the appellant. Under such circumstances the answer of the defendant under Rule 1.11, F.R.C.P., 30 F.S.A., and the compulsory counterclaim under Rule 1.13(1), F.R.C.P., were due to be filed within twenty days from August 15, 1953, the date on which service of process was perfected. After the time provided by the rules of practice for filing of answer and compulsory counterclaim has expired, such pleadings may not thereafter be interposed unless leave of court is first obtained. The appellant neither sought nor obtained such leave. Under such circumstances and on the record here, the court did not err in striking appellant’s answer and counterclaim filed approximately five years after the date when due. See Hancock v. Hancock, 1937, 128 Fla. 684, 175 So. 734.
Appellant having failed to demonstrate error, the interlocutory appeal is dismissed.
WIGGINTON,' C. J., and CARROLL, DONALD K., J., concur.