CHARLES ROGER MOORE v. ADA FLETCHER, a widow, GEORGE SIMPSON, assignee and substituted Plaintiff.

32 So. (2nd) 12                                    June Term, 1947
September 30, 1947                                      Division B

*Boone & Boone* and *G. Garlan Herin,* for petitioner.

*Uly O. Thompson,* for respondent.

BUFORD, J.:

On May 28th, 1935, plaintiff filed bill of complaint, being then represented by A. C. Franks, attorney.

On April 6th, 1936, defendant filed motion to dismiss bill of complaint.

On October 24th, 1941, order was made allowing Franks to withdraw as attorney for plaintiff. On the same day order was made substituting Blasingame as party plaintiff in lieu of original plaintiff. On November 22, 1946, Hon. Uly O. Thompson filed his appearance as counsel for plaintiff. On May 20th, 1947, the Clerk of the Court made and filed certificate that no pleadings had been filed in said cause since the 24th day of October, 1941, save and except the appearance of Uly O. Thompson on November 22, 1946. On the same day (May 20, 1947), Charles Roger Moore, an interested party, filed motion to dismiss the cause for want of prosecution. On the same day, May 20th, 1947, Judge Ross Williams made and entered an order dismissing the cause under authority of our former Equity rule in this regard and Section 45.19 Florida Statutes 1941.

On the 27th day of May, 1947, the then substituted plaintiff by Hon. Uly O. Thompson, filed petition for re-instatement of the cause in which he averred in effect that he had been sick and unable to attend to any legal business since his employment in the case, at which time he filed his appearance on November 22, 1946. This allegation was supported by physician's certificate. The petition also alleged that petitioner was then about ready to file an amended bill of complaint in said cause. No other showing was made to excuse the cause lying dormant with nothing being done in

prosecution of same from April 6, 1936, when defendants moved to dismiss, until the substitution of Blasingame as party plaintiff on October 24, 1941, or for nothing having been done in prosecution of the cause from October 24, 1941, until Judge Thompson filed his appearance as attorney for plaintiffs on November 22, 1946. So it appears that the cause lay dormant for more than five years after which there was an order for substitution of plaintiffs; then it again lay dormant for more than five years before Judge Thompson filed his appearance.

We are asked to review the order reinstating the cause.

It appears to us that under the enunciations contained in Hancock v. Hancock, 128 Fla. 684, 175 So. 734, and cases there cited, we must reverse the order complained of.

Section 45.19, supra, supersedes old equity rule 1 and, if anything, the statute is more exacting than was the rule. The reading of the statute with reference to reinstating causes dismissed for want of prosecution is "Provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within six months after such order of dismissal." Former Equity Rule 1 provides, inter alia: "Any cause not disposed of within three years from the filing of the bill shall be dismissed by the court at the cost of the plaintiff, unless otherwise directed for cause shown. Upon application and notice within a reasonable time, not exceeding one year, the cause may be reinstated upon the docket in the discretion of the court.'"

In Hancock v. Hancock, supra, we said:

"There was no showing of cause why complainant had indulged in this long delay and had not disposed of the cause within three years, and the motion to dismiss should have been granted. The Rule also provides that the cause may be reinstated upon the docket upon application and notice within a reasonable time, which time must not exceed one year from the order dismissing the cause, if the court in its discretion so decides to reinstate it. This provision of the Rule contemplated that cause, such as would justify the court in

refusing to dismiss, upon motion, in the first instance, be shown in order to have the case reinstated.'"

No cause having been shown which would have justified the denial of the motion to dismiss, we must hold that it was an abuse of discretion by the Chancellor to order the cause reinstated. Therefore, the writ is granted and the order is quashed with directions that the court below vacate the order of reinstatement and that the cause stand dismissed without prejudice to the plaintiffs, if they be so advised, to institute a new suit.

It is so ordered.

THOMAS, C. J., ADAMS, and BARNS, JJ., concur.