53 So.2d 706 (1951)
GULF APPLIANCE DISTRIBUTORS, Inc.
v.
LONG et al.
Supreme Court of Florida, Division B.
July 27, 1951.
Thomas Alexander (of Macfarlane, Ferguson, Allison & Kelly), Tampa, for appellant.
E.B. Rood (of Mabry, Reaves, Carlton, Anderson, Fields & Ward), Tampa, for Floyd B. Long, doing business as Long Construction Co., and others.
Laurence D. Childs, St. Petersburg, for remaining appellees.
ROBERTS, Justice.
We here review an order of the lower court refusing to reinstate a suit which had been previously dismissed upon motion of the defendant-appellee, Floyd B. Long. The facts are, briefly, as follows: The plaintiff-appellant filed its second amended bill of complaint on July 30, 1949, and the appellee filed a motion to dismiss same on August 19, 1949. On February 1, 1950, and pursuant to stipulation of counsel, the lower court entered an order allowing the withdrawal of counsel for the appellee and the substitution of other counsel, already in the cause as counsel for another defendant, to represent the appellee. Upon motion by appellee, an order of dismissal of the suit was entered on October 31, 1950, for plaintiff-appellant's failure to take affirmative action in the cause since the *707 filing of appellee's motion to dismiss on August 19, 1949. This order was entered without notice to appellant and was not discovered by it until January 1951, when its counsel attempted to set down for hearing the appellee's motion to dismiss the bill. The appellant thereupon filed a petition for an order reinstating the cause, on the ground that the order substituting counsel for the appellee was "an order in said cause affecting the parties thereto"; that such order had been entered less than a year prior to the date of the order of dismissal; and that the bill was, therefore, "illegally" dismissed.
The lower court denied the appellant's petition for reinstatement, and the question here is whether the petition showed "good cause" for reinstatement.
Section 45.19, Florida Statutes 1949, F.S.A., provides that "(1) All actions at law or suits in equity * * * in which there shall not affirmatively appear from some action taken by the filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon motion of any person interested, whether a party to the action or suit or not, without revivor or notice; provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one month after such order of dismissal."
We do not think the activity on the part of the appellee in changing his counsel is "action" in the prosecution of a cause, within the meaning of Section 45.19, supra. As stated by the Louisiana court in Augusta Sugar Company Limited v. Haley, 163 La. 814, 112 So. 731, 732, in construing a similar statute: "We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment. * * *" (Emphasis is supplied.)
This court has said that "This provision of the rule [as to reinstatement] contemplated that cause, such as would justify the court in refusing to dismiss, upon motion, in the first instance, be shown in order to have the case reinstated." Hancock v. Hancock, 128 Fla. 684, 175 So. 734, 739, cited in Moore v. Fletcher, 159 Fla. 478, 32 So.2d 12. And, certainly, the defendant in a cause would not be precluded from filing a motion to dismiss for failure of prosecution, merely because he had, previously, employed new or different counsel; nor would this, without more, justify the denial of a motion to dismiss by the court.
No abuse of discretion on the part of the lower court having been shown, the order appealed from should be and it is hereby
Affirmed.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.