62 So.2d 756 (1952)
RAILWAY EXP. AGENCY, Inc.
v.
HOAGLAND.
Supreme Court of Florida, en Banc.
December 19, 1952.
Rehearing Denied February 9, 1953.
*757 Ausley, Collins & Truett, Tallahassee, and Mizell & Carmichael, West Palm Beach, for appellant.
J. Luther Drew, West Palm Beach, for appellee.
MATHEWS, Justice.
This is an appeal from a final judgment in a suit filed to recover damages by reason of the damage by fire of some merchandise shipped to the appellee at West Palm Beach, Florida. Because of the conclusion which we have reached it is unnecessary to discuss the evidence or the details of the case except as they relate to Section 45.19 F.S.A.
The suit was filed on February 3, 1950. The answer was filed on March 16, 1950. From the date of the filing of the answer no action was taken by the filing of pleadings, order of the Court, or otherwise, to make it appear that the suit was being prosecuted until the 25th day of September, 1951, on which date the cause was placed on the dismissal docket and an order was entered dismissing said cause under the provisions of Section 45.19 F.S.A.
On the 2nd day of October, 1951, petition was filed to reinstate the cause for the following reasons:
"1. The plaintiff has been sojourning in Europe, and has not been able to contact her counsel and give them sufficient factual information upon which to continue the prosecution of this cause.
"2. That the plaintiff shall return from Europe, and be available for the trial of this cause at the next term of this court.
"3. That it has been necessary, in order to determine the merits of this cause on trial, for a detailed and expensive audit to be made of the alleged damages incurred by the plaintiff, at the hands of the defendant, and this audit is now near completion; however, it has been impossible for this audit to be completed during the absence of the plaintiff from this country.

"4. That counsel has contacted the plaintiff, but because of her sojourn in Europe, it has been impracticable for her to offer her counsel sufficient cooperation in order to bring this case to trial.
"5. That counsel has not been negligent in presenting this case, but this situation has arisen because of the foregoing facts, and by inadvertence." (Emphasis supplied.)
On the 18th day of October, 1951 the Court entered an order reinstating the cause.
On the 31st day of December, 1951, Jordan Johnson filed his withdrawal as an attorney for the appellee, plaintiff below, and J. Luther Drew filed his appearance as attorney for the appellee, plaintiff below, which was after the orders of dismissal and reinstatement.
In the Complaint filed by the appellee, plaintiff below, on the 3rd day of February, 1950, it is significant to note that she stated:
"By the cooperation of the plaintiff with the defendant, the defendant now has thirty-four (34) pages of inventory of said merchandise, and the plaintiff is now in the process of preparing a complete inventory, and immediately upon its preparation, a copy of said inventory shall be furnished defendant. The time required for the preparation of this inventory, as it requires as high as five (5) units in its breakdown, shall be approximately thirty (30) to sixty (60) days. The defendant has been furnished a cross-section cost value of said lost goods and merchandise."

When the appellee filed her complaint on February 3, 1950, she stated that it would require from thirty to sixty days to prepare the inventory and at the time she filed her petition for reinstatement on October 2, 1951, the inventory had not yet been prepared and she alleged in a petition that it had been necessary "for a detailed and extensive audit to be made  and this audit *758 is now nearing completion." She then alleges that it was impossible for this audit to be completed during her absence.
In the first ground of the petition for reinstatement it is alleged that she has "not been able to contact her counsel and give them sufficient factual information." In the fourth ground of the petition she alleges that while she was sojourning in Europe "that counsel has contacted the plaintiff." In the fifth ground of the petition for reinstatement the conclusion is expressed that counsel has not been negligent, "but this situation has arisen because of the foregoing facts, and by inadvertence."
It is unnecessary to quote Section 45.19 F.S.A. It specifically provides that after a cause has been dismissed, it may be reinstated by petition "upon good cause shown to the court".
In the case of Gulf Appliance Distributors, Inc. v. Long, Fla., 53 So.2d 706, the lower Court refused to reinstate a suit which had been previously dismissed under the provisions of Section 45.19 F.S.A. There was a withdrawal of counsel with the permission of the Court and other counsel was substituted. This was done on February 1, 1950. The last pleading filed was a motion to dismiss an amended bill of complaint on August 19, 1949. On October 31, 1950, an order of dismissal was entered because of the failure on the part of the plaintiff-appellant to take affirmative action in the cause since August 19, 1949. In January, 1951 the appellant filed a petition for an order reinstating the cause on the ground that the order substituting counsel for the appellee was an order in the cause affecting the parties thereto. This Court affirmed the order of the Court below and found that there was no abuse of discretion on the part of the lower Court in refusing to reinstate the cause.
In the case of Sudduth Realty Co. v. Wright, Fla., 55 So.2d 189, 190, this Court in an opinion by Mr. Justice Thomas reversed an order of reinstatement and said:
"* * * The obvious purpose of the statute is to speed decision of disputes by penalizing those who would allow their litigation to become stagnant. * * * It consisted of two aspects, the unfulfilled promise of the defendant to furnish certain information and the failure of the judge to rule on the motion to transfer; also, perhaps, the application for leave to amend.
"The first of these is lacking in merit. The only record of any such promise or undertaking on the part of the defendant was the statement in the petition for reinstatement and it is so lacking as to date, description and other detail as to be of small value. Time was passing while such data was not forthcoming and the plaintiff could have protected his position as movant in the case, and therefore more or less in control of its progress, by proceeding as if no favor would be shown him by his opponent."
In the case of Moore v. Fletcher, 159 Fla. 478, 32 So.2d 12, 13, the question of reinstatement was considered and discussed by the Court. In an opinion by Mr. Justice Buford, it was pointed out that Section 45.19 F.S.A. as it then existed superseded old Equity Rule 1, and that the statute in question is more exacting than was the Rule. The original Section was amended and the principal difference was to reduce the time for the dismissal of a cause for want of prosecution from three years to one year, and the time within which a motion for reinstatement could be made was reduced from one year to six months. After pointing out these differences, the Court said:
"In Hancock v. Hancock, [128 Fla. 684, 175 So. 734], supra, we said: `There was no showing of cause why complainant had indulged in this long delay and had not disposed of the cause within three years, and the motion to dismiss should have been granted. The rule also provides that the cause may be reinstated upon the docket upon application and notice within a reasonable time, which time must not exceed one year from the order dismissing the cause, if the court in its discretion so decides to reinstate it. This provision of the rule contemplated that cause, such as would justify the court in refusing *759 to dismiss, upon motion, in the first instance, be shown in order to have the case reinstated.'
"No cause having been shown which would have justified the denial of the motion to dismiss, we must hold that it was an abuse of discretion by the Chancellor to order the cause reinstated."
The primary purpose of the statute is to expedite litigation and to put an end to it unless it affirmatively appears from some action taken by the "filing of pleadings, orders of the Court, or otherwise," that the same is being prosecuted, unless good cause be shown within a period of six months for the reinstatement of the same. Courts are open to all litigants at all times for the filing of suits. Courts should be, and are, ready to dispose of cases but they are powerless to do so unless litigants bring, or take, proper action in prosecuting their cases. Courts are required to be open for the disposition of pending matters but are powerless to proceed unless litigants prosecute their cases as contemplated by the law.
At the time of the filing of suit in this case the appellee knew the nature of the case and what would be necessary in order to prosecute the same and prove the material allegations of her complaint.
The matter of preparing audits and inventories are generally delegated to accountants or bookkeepers. Her excuse that this was not done because she was "sojourning in Europe" is not a good cause for the reinstatement of this case. The same may be said with reference to any investigation as to the cause of the fire or negligence on the part of the appellee. She was not personally present when the fire happened and knew nothing about it until she was told. An investigation to determine the cause of the fire or whether or not there was negligence on the part of the appellant is generally delegated to others, such as, investigators for insurance companies or officers of the Fire Department, or attorneys.
Taken in the most favorable light, the excuses offered do not constitute a sufficient cause for reinstatement and when we take into consideration the fact that it is admitted in the petition for reinstatement that the delay may have been caused by "inadvertence", and also the conflicting and contradictory statements about communicating with her counsel and about the time it would take to prepare an audit or an inventory, it becomes more apparent that the order of dismissal was correct and the order reinstating the case was not based upon good cause and was error.
Reversed with directions to reinstate the order dated September 25, 1951, dismissing the cause, and to set aside the order dated October 18, 1951, reinstating the case and all proceedings subsequent to said date without prejudice to the right to pursue any course of action which may be open to appellee.
SEBRING, C.J., THOMAS, J., and FABISINSKI, Associate Justice, concur.
ROBERTS, J., dissents.
TERRELL and HOBSON, JJ., not participating.