65 So.2d 44 (1953)
ELMER A. YELVINGTON & SON, Inc.
v.
SHERIDAN et ux.
Supreme Court of Florida, en Banc.
May 8, 1953.
Rehearing Denied June 1, 1953.
Horn & Ossinsky, Daytona Beach, for appellant.
Marian Boros, Daytona Beach, for appellees.
DREW, Justice.
On August 6, 1948, the appellant, plaintiff below, filed its bill of complaint to foreclose a lien against the appellees, defendants below. In due course the cause became at issue and on July 17, 1950, an examiner was appointed to take testimony and on the same day the lower court entered an order extending time for taking testimony to August 5, 1950. On August 4, 1950, pursuant to plaintiff's motion, the time for taking testimony was further extended until August 31, 1950. On September 14, 1950, a stipulation was filed, signed by counsel for plaintiff and defendants extending time for taking the testimony of defendant Joseph S. Sheridan, to October 15, 1950. No further steps were taken in the cause until June 2, 1952, over twenty months thereafter, when plaintiff filed a motion in the cause to extend the time for taking testimony to August 1, 1952.
On July 16, 1952, defendants' attorneys filed a withdrawal and on same day new counsel, pursuant to Section 45.19, F.S.A., *45 filed a motion to dismiss the cause for want of prosecution, and the motion was thereafter granted and the cause dismissed on July 22, 1952. Within thirty days plaintiff filed a petition to reinstate the cause, which was heard by the lower court, denied and a final decree of dismissal was thereafter entered. This appeal is from that decree.
The sole question presented for determination is whether, under the facts herein stated, the cause was subject to dismissal under Section 45.19, F.S.A.
In Ivy H. Smith Co. v. Moccia, Fla., 59 So.2d 629, 630, we said:
"The purpose of Section 45.19 was to expedite the course of litigation and keep court dockets as near current as possible."
This suit had been pending nearly four years when the lower court dismissed it. It had been at issue for nearly two and one-half years and it had been more than two years since the cause was referred to an examiner. Such delay brings criticism to the bench and bar and we can find no reason for it in this record. The plaintiff invoked the processes of the court and it was charged with knowledge that the law required it to prosecute its case with reasonable dispatch, and that if it failed for one year to take some action to make it affirmatively appear the same was being prosecuted, it suffered dismissal thereof. The fact that the cause had been referred to an examiner is no reason for delay and the mere filing of a motion for extension of time to take testimony some twenty months after the last affirmative action is taken does not indicate active prosecution of the cause. B & L Trucking Co., Inc. v. Loftin, Fla., 58 So.2d 147. See also B & L Trucking Co., Inc. v. Loftin, Fla., 46 So.2d 276; Sudduth Realty Co. v. Wright, Fla., 55 So.2d 189.
Appellant makes a point of the fact that a new attorney moved to dismiss the cause for lack of prosecution. The statute clearly contemplates that the cause may be dismissed for want of prosecution "upon motion of any person interested, whether a party to the action * * * or not, without revivor or notice". The statuts is a declaration that public policy requires the prompt dispatch of the court's business. Gulf Appliance Distributors, Inc., v. Long, Fla., 53 So.2d 706.
As to the contention that the cause should have been reinstated, the lower court heard the evidence and decided that question contrary to appellant's contention. He committed no error in his disposition thereof.
The decree appealed from is affirmed.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON and MATHEWS, JJ., concur.
SEBRING, J., not participating.