THOMAS, Justice.
The respondent filed a bill of complaint 29 March 1933, to foreclose certain tax liens. Four years later the chancellor dismissed the cause so far as it affected a tract of land which had been erroneously included with those properties on which liens were alleged to exist.
According to the record no paper of any sort was thereafter filed in the case until 2 March 1953, when the attorney for the respondent filed a motion for “an order prescribing the form of notice to be given in this cause, the number of time [sic] which the same shall be published, the dates on which the same shall be published, the newspaper in which the same shall be published, and the date on which or period within which interested parties shall be required to appear and show cause, together with any provisions with respect to the notice or notice to be given in connection with this suit which this Honorable Court may require.”
Meanwhile counsel for the petitioners had sought and obtained an order dismissing the cause for want of prosecution. Although this order was rendered 24 February 1953 it was not entered until 3 March 1953.
A. few days afterward the respondent filed a petition to reinstate the suit and this was granted without prejudice to the rights of the petitioners to renew their motion to dismiss should there be failure on the part of the respondent to prosecute the cause. This is the order we are asked to quash.
The decision must derive from an application of the provisions of Sec. 45.19, Florida Statutes 1941, and F.S.A., originally Chapter 14554, Laws of Florida, Acts ■of the Extraordinary Session of 1929, to the circumstances of this case.
It cannot be doubted that the suit had been pending without prosecution for well- *442 nigh twenty years when the advice of the court was sought on the manner of service to he employed. Co'unsel for respondent concedes that the suit was pending from the day the hill was filed. Even if the procedure to eliminate certain lands could he considered a step in furtherance of the cause, ’ instead of the very opposite inasmuch as it amounted to a discontinuance of the case so far as the lands affected were concerned, the suit was dormant thereafter for a period many times that named in the 'statute.
So the order of 24 February 1953, effective 3 March 1953, dismissing the suit was quite proper unless the motion with reference to service of process filed between the rendition and recordation of the order of dismissal could be said to have defeated the effort to dismiss. It is true that the order became effective on its entry the day after the motion for advice about the form and manner , of service was filed. But we do not think this motion could be considered an “action” from which it would “affirmatively appear” that the suit was being prosecuted. We are entirely unfamiliar with the procedure of soliciting the advice of a court on the proper way to secure service. It is our view that the plaintiff must find in the law the method of fetching his adversary into court and that the judge stands by to pass upon any challenge of the manner chosen.
We are convinced that the motion of respondent was utterly incompetent to revivify a suit that had become stagnant, and that therefore the relative dates of its presentation and the recordation of the order of dismissal are inconsequential. The purpose of the statute is to speed litigation, Sudduth Realty Co., Inc., v. Wright, Fla., 55 So.2d 189, and this purpose would be thwarted if we condoned the precedure followed in this matter.
This introduces the remaining question—the efficacy of the petition to reinstate. The statute contains the provision that reinstatement may be granted “upon good cause shown to the court” within the specified time. The cause for reinstatement must be of such character that it would have been a justification for refusal to dismiss in the first instance. Gulf Appliance Distributors, Inc., v. Long, Fla., 53 So.2d 706.
With this criterion in mind we, turn to the reasons the respondent gave to the court. The only parts of the petition that could be said to resemble grounds for reinstatement were statements that petitioners owned relatively small areas in the drainage district; that suits were filed each year as required, but that they were not prosecuted because it was to the advantage of property owners not to do so; and that refusal to reinstate would result in large expense to the respondent because the suit would have to be re-instituted. It is obvious that these grounds were inadequate.
The extent of the petitioners’ interest is not controlling, the statute securing “any person interested” the right to move dismissal.
No exception is made in the law to this kind of suit and there is no occasion for allowing one for the collection of current taxes to drag for nearly twenty years.
We are quite puzzled by the statement that the cost of reinstating the suit would be. “tremendous”. There had been no service in this case and the papers filed, as we have demonstrated, were few. Certainly the expense incurred was negligible. Not only that, but further cost could have been avoided by proceeding with the case long before.
In any event the reasons relied upon did not amount to “good cause” so the petition for certiorari is granted and the order of reinstatement is quashed.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.