76 So.2d 861 (1955)
ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, and A.W. Stewart, Appellants,
v.
Calvin Boyd HILL, Appellee.
Supreme Court of Florida. Special Division A.
January 7, 1955.
Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants.
L. Grady Burton and John W. Burton, Wauchula, for appellee.
MATHEWS, Justice.
The appellee, Hill, brought suit against the appellant because of an accident at a crossing at State Road 17 and the railroad tracks of the appellant. It is alleged that the appellant propelled and operated the train carelessly into and against an automobile driven by Hill resulting in injuries to Hill and damage to the automobile.
Before the pleadings were settled, on July 13, 1950, the appellant filed motion for a more definite statement and motion to dismiss. On November 12, 1952, the appellant filed motion for abatement because of want of prosecution of the case for more than one year. The Court granted the motion and dismissed the case for want of prosecution.
On November 29, 1952, the appellees filed a motion to set aside and vacate the order of dismissal. The appellant filed an answer to such motion on December 8, 1952, and on December 17, 1952, the Court made an order vacating the order of dismissal and reinstating the case for trial.
The appellant filed defenses denying negligence and alleging the injuries complained of were caused solely by the negligence of the driver of the automobile. Trial was had which resulted in a verdict of $6,000 for the appellee. Motion for new trial was denied with the condition that the appellee enter a remittur of $2,000. The remittur was entered and final judgment was entered for the appellee in the sum of $4,000. This appeal is from that final judgment.
There were no contradictions as to the material facts in this case. Hill was driving *862 his automobile on the main street of Avon Park. A young lady was on the front seat with him. Sayre was riding on the back seat and a young lady was with him. It was dark, and the weather was bad, with rain, thunder and lightning. The car windows were closed and the radio was playing. The automobile lights were dim and the automobile was being driven at an estimated speed of fifteen miles per hour. Hill testified that he could have stopped the automobile within five feet. It was driven on the track of the Atlantic Coast Line Railroad Company in front of an approaching train. The occupants of the automobile did not at any time see or hear the train. There was a collision and the train stopped about one hundred forty-four feet from the point of impact. As the train approached the crossing, the whistle was blowing, the bell was ringing, the headlight was burning and the train was making some noise which a witness heard plainly two hundred fifty feet from the track. There was a circular sign reading "Railroad Crossing" approximately two hundred feet from the track in the direction from which Hill approached the track. There was another sign fifty-five feet from the track. The train approached the track crossing at about ten miles per hour. The fireman was maintaining a lookout, saw the automobile moving slowly and it appeared that the driver was going to stop. When it did not stop, the fireman yelled to the engineer to hit the brakes. The engineer immediately applied the emergency brakes and the train came to a stop as above stated.
After all of the evidence was submitted the appellant-defendant moved the court to direct a verdict on the ground that there was no showing of negligence on the part of the defendant, and the uncontradicted evidence showed that the damage was caused wholly by the negligence of Hill in driving his automobile on the track in front of the approaching train. The Court denied the motion and submitted the case to a jury. This action on the part of the Court is assigned as error. The appellant was not responsible for the conduct of appellee. It had no control over him.
No reason is given why Hill and the other occupants of the automobile did not see or hear the train approaching and did not see the signs as they approached the track. They had ears to hear, and eyes to see, and, yet, the uncontradicted testimony is that they did neither.
The record in this case fails to show that the appellant was guilty of any negligence and, on the other hand, shows that it did everything which it should have done. The driver of the automobile was negligent and his negligence was the sole proximate cause of the accident.
The appellant raises the further question that the lower court committed error in vacating the order of dismissal. The motion to dismiss the case for want of prosecution was properly made. The motion to set aside the order and re-instate the case was made within thirty days of the date of the order of dismissal but it failed to contain or show any good cause for the re-instatement of the case. It is true that F.S. § 45.19, F.S.A., provides that a suit dismissed under the provisions of the statute "may be reinstated by petition upon good cause shown". The only "good cause" attempted to be shown for granting the petition for re-instatement was that on October 16, 1951 the appellee served notice setting down for hearing on November 5, 1951 the motion to dismiss filed by appellant and also a motion filed by appellant for a more definite statement. On November 2, 1951 the appellee's attorney wrote a letter to the attorneys for the appellant to the effect that he was trying to submit some kind of a proposal for settlement. In this letter it was stated: "I am now trying to arrive at figures that I think would be the very minimum so far as he [Hill] is concerned." He further stated in said letter: "I will suggest the items and amounts which will be involved in any settlement we might make in these two cases within a week." It is shown by the record that no figures or offers of settlement were proposed *863 or submitted "within a week" or at any other time. The fact that one of the parties to the litigation discussed a settlement and promised to submit a proposal or figures within a week which was not done does not constitute the "good cause" contemplated and required by the statute. Gulf Appliance Distributors, Inc., v. Long, Fla., 53 So.2d 706; Sudduth Realty Co. v. Wright, Fla., 55 So.2d 189; Railway Express Agency v. Hoagland, Fla., 62 So.2d 756; Yelvington & Son, Inc., v. Sheridan, Fla., 65 So.2d 44, and Early v. Sarasota-Fruitville Drainage District, Fla., 67 So.2d 441.
The case should be, and the same is hereby, reversed, with directions to set aside the judgment and take other proceedings consistent with this opinion.
ROBERTS, C.J., and SEBRING and BARNS, JJ., concur.