97 So.2d 211 (1957)
Lenore MILLER, Appellant,
v.
HARTLEY'S, INC., a Florida corporation, Appellee.
No. 57-143.
District Court of Appeal of Florida. Third District.
October 3, 1957.
Ruff & Ready, Miami, for appellant.
Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
This appeal was transferred from the Supreme Court of Florida to this court, for consideration and determination, by an order of August 21, 1957, under Section 26(6), Article V of the Constitution of Florida, F.S.A. as amended at the general election in November 1956, effective July 1, 1957.
Hartley's Inc. made a worthless check charge against Lenore Miller, in February of 1949. Upon an initiating affidavit, presented by Hartley's Inc. to the county solicitor in Dade County, an information was filed, and process was issued thereon, March 9, 1950, which led to the arrest of the appellant Miller in California.
Hartley's Inc. had claimed that its loss through the bad check was merchandise *212 valued at $375.14. On April 3, 1950, at a time when she was released on bail, her Miami attorney, knowing of her arrest but not knowing whether she was in custody, paid the appellee corporation $250 in settlement.
On April 2, 1952, appellant filed a law action in the circuit court against the appellee Hartley's Inc. seeking damages for malicious prosecution and abuse of process.
On April 14, 1952, defendant moved to dismiss the complaint. The cause then remained inactive for more than a year, and on April 24, 1953, the defendant moved to dismiss for want of prosecution.
The statute in force at that time allowed dismissal for want of prosecution on motion without notice, and it made provision for reinstatement for good cause.
"45.19 Abatement; Action Pending for One Year Without Prosecution. All actions at law or suits in equity pending in the several courts of the State of Florida in which there shall not affirmatively appear from some action taken by the filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one year, shall be deemed abated for want of prosecution and the same shall be dismissed by the Court having jurisdiction of the cause, upon motion of any person interested, whether a party to the action or suit or not, without revivor or notice; provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one month after such order of dismissal." Section 45.19, Fla. Stat., F.S.A., as amended by Chapter 23965. Laws of Florida, 1947.
The trial court made its order dismissing the cause for want of prosecution, on April 27, 1953. Two days later the plaintiff moved to reinstate the cause. The court granted that motion and ordered the cause reinstated on May 13, 1953.
Following the reinstatement, the court granted summary judgment for the defendant, from which the plaintiff appealed. The defendant-appellee filed a cross-assignment of error directed to the reinstatement order.
The motion for reinstatement, following the dismissal for want of prosecution, set out six grounds. The substance of the first, second and sixth grounds of the motion was that an attorney, whom plaintiff had consulted prior to the filing of her suit, had asked for a fee which she considered exorbitant, making it necessary for her to seek other counsel, and that the said first attorney had retained and refused to surrender certain papers and proofs which were needed by her in prosecuting the case.
Those excuses furnished no good cause for the delay of more than a year. While the plaintiff might have been handicapped or delayed at a trial if her former counsel withheld papers required for proof of her case, the cause was dismissed by the lower court for failure to call up for hearing a motion to dismiss challenging the sufficiency of the complaint, which did not require the presentation or use of any evidence or papers other than the pleadings on file.
Grounds three and four set forth that plaintiff's occupation required her to stay away from Miami for long periods, and that she had been required to negotiate with her Miami attorney through California counsel whom she had employed while in that state.
Railway Express Agency v. Hoagland, Fla. 1953, 62 So.2d 756, establishes the insufficiency of those grounds; and expressly so since the matter was pending on a motion to dismiss requiring only a legal argument, and not calling for the presence of the plaintiff in court.
The fifth reason assigned in the plaintiff's motion was that her Miami attorney had been too busy with other trial work and with work for other clients. An excuse *213 of that kind is not entitled to be classified as one showing good cause. Compare Moore v. Fletcher, 159 Fla. 478, 32 So.2d 12, which shows that illness of an attorney for a portion of the period of inactivity for which a case is dismissed for want of prosecution, can not excuse non-action for the entire period, and does not amount to good cause for reinstatement.
An action which has been dismissed for want of prosecution may not be reinstated except for good cause shown. Such was the wording of the statute providing for reinstatement, and such is the holding of the decisions, which uniformly emphasize the need for showing good cause.
In Railway Express Agency v. Hoagland, supra, Fla. 1953, 62 So.2d 756, 758-759, after referring to the grounds which were asserted there for reinstatement (inability to contact counsel and get factual information, sojourning in Europe, and inadvertence of counsel) the court dealt with this matter as follows:
"It is unnecessary to quote Section 45.19, F.S.A. It specifically provides that after a cause has been dismissed, it may be reinstated by petition `upon good cause shown to the court'.
"In the case of Gulf Appliance Distributors, Inc. v. Long, Fla., 53 So.2d 706, the lower Court refused to reinstate a suit which had been previously dismissed under the provisions of Section 45.19, F.S.A. There was a withdrawal of counsel with the permission of the Court and other counsel was substituted. This was done on February 1, 1950. The last pleading filed was a motion to dismiss an amended bill of complaint on August 19, 1949. On October 31, 1950, an order of dismissal was entered because of the failure on the part of the plaintiff-appellant to take affirmative action in the cause since August 19, 1949. In January, 1951 the appellant filed a petition for an order reinstating the cause on the ground that the order substituting counsel for the appellee was an order in the cause affecting the parties thereto. This Court affirmed the order of the Court below and found that there was no abuse of discretion on the part of the lower Court in refusing to reinstate the cause.
"In the case of Sudduth Realty Co. v. Wright, Fla., 55 So.2d 189, 190, this Court in an opinion by Mr. Justice Thomas reversed an order of reinstatement and said:
"`* * * The obvious purpose of the statute is to speed decision of disputes by penalizing those who would allow their litigation to become stagnant. * * * It consisted of two aspects, the unfulfilled promise of the defendant to furnish certain information and the failure of the judge to rule on the motion to transfer; also, perhaps, the application for leave to amend.
"`The first of these is lacking in merit. The only record of any such promise or undertaking on the part of the defendant was the statement in the petition for reinstatement and it is so lacking as to date, description and other detail as to be of small value. Time was passing while such data was not forthcoming and the plaintiff could have protected his position as movant in the case, and therefore more or less in control of its progress, by proceeding as if no favor would be shown him by his opponent.'
"In the case of Moore v. Fletcher, 159 Fla. 478, 32 So.2d 12, 13, the question of reinstatement was considered and discussed by the Court. In an opinion by Mr. Justice Buford, it was pointed out that Section 45.19, F.S.A. as it then existed superseded old Equity Rule 1, and that the statute in question is more exacting than was the Rule. The original Section was amended and the principal difference was to reduce the time for the dismissal of a cause for want of prosecution from three years to one year, and the time within which a motion for reinstatement could be made was reduced from one year to six months. After pointing out these differences, the Court said:
*214 "`In Hancock v. Hancock, [128 Fla. 684, 175 So. 734], supra, we said: "There was no showing of cause why complainant had indulged in this long delay and had not disposed of the cause within three years, and the motion to dismiss should have been granted. The rule also provides that the cause may be reinstated upon the docket upon application and notice within a reasonable time, which time must not exceed one year from the order dismissing the cause, if the court in its discretion so decides to reinstate it. This provision of the rule contemplated that cause, such as would justify the court in refusing to dismiss, upon motion, in the first instance, be shown in order to have the case reinstated."
"`No cause having been shown which would have justified the denial of the motion to dismiss, we must hold that it was an abuse of discretion by the Chancellor to order the cause reinstated.'
"The primary purpose of the statute is to expedite litigation and to put an end to it unless it affirmatively appears from some action taken by the `filing of pleadings, orders of the Court, or otherwise,' that the same is being prosecuted, unless good cause be shown within a period of six months for the reinstatement of the same. Courts are open to all litigants at all times for the filing of suits. Courts should be, and are, ready to dispose of cases but they are powerless to do so unless litigants bring, or take, proper action in prosecuting their cases. Courts are required to be open for the disposition of pending matters but are powerless to proceed unless litigants prosecute their cases as contemplated by the law."
The grounds submitted by the plaintiff in this case for reinstatement were not sufficient and did not constitute good cause. Hancock v. Hancock, 128 Fla. 684, 175 So. 734; Moore v. Fletcher, supra, 159 Fla. 78, 32 So.2d 12; Gulf Appliance Distributors, Inc. v. Long, Fla. 1951, 53 So.2d 706; Sudduth Realty Co. v. Wright, Fla. 1951, 55 So.2d 189; Railway Express Agency v. Hoagland, supra, Fla. 1953, 62 So.2d 756; Yelvington & Son, Inc. v. Sheridan, Fla. 1953, 65 So.2d 44; Early v. Sarasota-Fruitville Drainage District, Fla. 1953, 67 So.2d 441; and Atlantic Coast Line Railroad Company v. Hill, Fla. 1955, 76 So.2d 861.
Therefore, the trial court was in error in entering its order of May 13, 1953, by which it vacated the order of dismissal for want of prosecution and reinstated the cause.
Because of our holding that the defendant-appellee is entitled to prevail on its cross-assignment of error directed to the trial court's order reinstating the cause, we will not pass upon the questions raised on the main appeal, all of which were predicated on action of the court taken after the reinstatement.
For the reasons assigned, the judgment appealed from is reversed, and the cause is remanded with directions to vacate and set aside the summary judgment and the earlier order of reinstatement.
Reversed with directions.
HORTON and PEARSON, JJ., concur.