## CITY OF NORTH MIAMI v. MOORE.
### No. 4083.

Circuit Court, Dade County, Criminal Appeal.

March 27, 1958.

Charles F. Lindsay, Miami, for appellant.

Boardman, Bolles, Davant & Lloyd, Miami, for appellee.

J. FRITZ GORDON, Circuit Judge.

This matter is before the court on appellant's motion to vacate this court's order of March 4, 1958 dismissing the appeal.

The court has examined section 932.52(11), Florida Statutes 1957, which prescribes the method by which appeals shall be taken from municipal courts to the circuit court—"The said record on appeal shall be filed in the appellate court within twenty days from the filing of the notice of appeal, unless such time be extended by the municipal court, or circuit court, *for good cause shown.*" (Italics added.)

It is important to note that the appeal in this case is from an order of conviction in the municipal court of North Miami dated November 4, 1957. A notice of appeal was filed November 8, 1957, together with the assignments of error.

On November 21, 1957 appellant filed his motion to extend the time for filing the record on appeal, stating as his reason that he "is not now possessed of the requisite funds to pay the necessary deposit for the bringing up of the transcript." By order of the municipal judge filed November 21, 1957 he was granted an additional 90 days from the date of signing the order on November 19, 1957.

On March 4, 1958 the appellee city filed its motion to dismiss the appeal for failure to complete the record on appeal as prescribed by the laws of this state. A notice of hearing was served on the appellant for oral argument before this court on March 4, 1958, from which the order of dismissal of the appeal was entered.

An order extending time in which to file transcript of testimony was entered by the municipal judge on March 3, 1958, upon appellant's oral motion made, which allowed appellant an extension of time to file his transcript until March 7, 1958. No reason was given for the additional extension of time.

The transcript of testimony was filed by the appellant on March 7, 1958, and is now before this court.

It is apparent from the record that appellant has failed to follow the procedural requirements of section 932.52(11). The sole reason given before the municipal judge for the granting of the original extension was that appellant did not have the funds to bring up the record at that time.

The question of "good cause shown" has been examined by the Supreme Court of Florida and the District Court of Appeal of Florida, Third District, and the fact that appellant did not have the funds with which to pay for a transcript or did not have the funds with which to pay an attorney is not "good cause shown" for delaying the prosecution of a case or the timely filing of a transcript on appeal. See Miller v. Hartley's Inc., Fla. 1957, 97 So. 2d 211, 212.

Despite the appellant's failure to properly prosecute his appeal, the court has fully examined the various assignments of error and has fully read the transcript of testimony taken before the municipal judge. The court finds that there was abundant and sufficient evidence with which said court could find the defendant guilty of the offense charged.

Appellant's motion to set aside the previous order of dismissal entered herein is denied. The order of the municipal judge is affirmed.