HORTON, Judge.
Plaintiff-appellant seeks review of an adverse final judgment on the pleadings. Defendants have filed cross assignments of error, challenging the denial by the trial court of their motion to dismiss for lack of prosecution.
Plaintiff’s complaint was filed on July 9, 1958, and its amended complaint on July 31, 1959. Defendants in the action were Construction Products Corporation, Aluminum Industries, Inc., Weather Products, Inc., Aluminum Hardware Corporation, and certain named individuals. After some preliminary skirmishing the defendants answered. On January 25, 1960, upon a stipulation of the parties, and" at the plaintiff’s request, an order was entered removing the cause from the jury trial calendar for February 1, 1960, and directing the clerk to place it upon the next sounded jury trial docket. On February 19, 1960, an order was entered dismissing the named individuals. No other action was taken in the case until March 13, 1961, when defendants moved to dismiss for lack of prosecution pursuant to § 45.19(1) Fla.Stat., F.S.A. Plaintiff filed affidavits in opposition to this motion, contending that pursuant to the order of January 25, 1960, it had, on November 23, 1960, requested that the case be placed on the trial docket. This was never done. After hearing, defendants’ motion to dismiss was denied. On August 30, 1961, Aluminum Hardware filed motions to amend its answer to assert the affirmative defense of limitation of actions and for judgment on the pleadings. After hearing, these motions were granted and the court entered the judgment appealed in favor of Construction Products and Aluminum Hardware. The cause remains pending as to the other defendants.
Because of our holding that the appellees are entitled to prevail on their cross assignments of error directed to the trial, court’s denial of their motion to dismiss for lack of prosecution, we will not pass upon the questions raised on the main appeal, all of which were predicated on action of the court taken after denial of this motion.
Appellees contend the trial court erred in denying their motion to dismiss for lack of prosecution. We find this contention has merit. Section 45.19(1) Fla.Stat., F.S.A., provides that:
“All actions at law or suits in equity * * * in which there shall not affirmatively appear from some action taken by the filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) year, shall he deemed abated for want of prosecution and the same shall he dismissed by the court having jurisdiction of the cause, upon its own *302 motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one (1) month after such order of dismissal.” [Emphasis supplied.]
On motion to dismiss or petition for reinstatement the court must determine whether there has been a sufficient showing of good cause to warrant denial of the motion or reinstatement of the cause. The criteria to be used in making this determination is the same in either case. See Early v. Sarasota-Fruitville Drainage District, Fla.1953, 67 So.2d 441; Gulf Appliance Distributors v. Long, Fla.1951, 53 So.2d 706.
We hold that the trial court erred in denying the appellees’ motion to dismiss. The activity on the part of the appellant in asking the .clerk to set the cause on the trial docket was not “action” in the prosecution of a cause, within the meaning of § 45.19, supra. Nor did appellant make a showing of good cause to excuse its failure to act. In so holding, we concur with the view expressed by the District Court of Appeal, First District, in Allen v. Gaither, Fla.App. 1959, 112 So.2d 855, a case similar to the one at bar, where the court said:
“Plaintiff * * * takes the position that by requesting the placing of the cause on the trial docket he had fulfilled his obligation under the statute and it was not incumbent upon him * * * to see that the case was actually set for trial within the one year period or request a continuance. This position does not constitute sufficient cause for reinstatement. Miller v. Hartley’s, Inc., Fla.App.1957, 97 So.2d 211; 'Atlantic Coastline Railroad v. Hill, Fla.1955, 76 So.2d 861; Elmer A. Yelvington & Son, Inc., v. Sheridan, Fla., 1953, 65 So.2d 44; Railway Express Agency v. Hoagland, Fla., 1952, 62 So.2d 756.”
Accordingly, the order appealed is reversed, and the cause is remanded with directions to grant appellees’ motion to dismiss for lack of prosecution.
Reversed and remanded with directions.