ALLEN, Acting Chief Judge.
Appellants, plaintiffs in the lower court, are appealing from a final order entered on an order of dismissal under F.S. § 45.19, F.S.A., for failure to prosecute and an order denying a petition for reinstatement.
On December 2, 1959, the instant action brought by appellants ended in a mistrial. No order was entered by the court on the mistrial. Approximately thirteen months later, on January 3, 1961, appellee moved to dismiss for lack of prosecution and an order of dismissal was entered on January 13, 1961.
Appellants filed their petition for reinstatement of the cause and a hearing was held, a transcript of which appears in the record. On February 1, 1961, an order denying the petition for reinstatement was entered. A final order was entered July 26, 1961, and notice of appeal filed August .3, 1961.
The appellants thought that the court, after the mistrial, would sua sponte re-docket the cause for trial during the same or the following term. The attorney responsible for the pleadings left the law firm shortly after the mistrial and the cause was never re-docketed nor was any pleading filed for a period of 13 months and one day until appellee filed its motion to dismiss for lack of prosecution.
The appellant argues that the trial court based his decision on the case of Allen v. Gaither, Fla.App.1959, 112 So.2d 855, wherein a trial court’s order of reinstatement was reversed on appeal. In that case an order had been entered reinstating the plaintiff’s cause after it had been dismissed for lack of prosecution. The facts in that case were that the plaintiff, by letter, had requested the clerk of the circuit court to place the case on the trial docket, which was not done, and based upon this fact the lower court considered that a good ground had been stated for setting aside the dismissal. The First District Court of Appeal, in its opinion, stated:
“Plaintiff frankly admits no action was taken in the cause after March 5, 1957, but takes the position that by requesting the placing of the cause on the trial docket he had fulfilled his obligation under the statute and it was not incumbent upon him under the above statute to see that the case was actually set for trial within the one year period or request a continuance. This position does not constitute sufficient cause for reinstatement. Miller v. Hartley’s, Inc., Fla.App.1957, 97 So.2d 211; Atlantic Coastline Railroad v. Hill, Fla., 1955, 76 So.2d 861; Elmer A. Yelvington & Son, Inc. v. Sheridan, Fla. 1953, 65 So.2d 44; Railway Express Agency v. Hoagland, Fla., 1952, 62 So. 2d 756.”
The appellant then argues that it was affimatively shown that the trial court, because of the decision in Allen v. Gaither, supra, felt that once a cause had proceed *630 ed without prosecution for a period of over one year it could not be reinstated, even if the chancellor felt an injustice was being done by dismissal.
We have read the colloquy between the court and one of the attorneys for the appellant and do not construe the language of the court as holding regardless of the circumstances, that once the period of one year has passed that the court has no discretion to set aside a dismissal.
We note from the record in this case, at the hearing before the trial judge on the petition for reinstatement, after the dismissal of the cause, that the court made this statement:
“ * * * It is my opinion the Court doesn’t have the discretion to reinstate after the finding of good cause is shown and I don’t believe I can find it from the facts evinced.”
The facts in the instant case are very similar to the facts in the case of Allen v. Gaither, supra, with one exception. The circuit judge found the facts were sufficient in the Allen case to justify reinstatement but the First District Court of Appeal held that the facts were not sufficient and reversed the trial court. In the instant case the trial judge found insufficient cause for reinstatement, thus rendering the existence vel non of any discretion in him to reinstate immaterial.
In the case of Davant v. Coachman Properties, Inc., Fla.App.1960, 118 So.2d 844, 80 A.L.R.2d 1396, we reversed the trial judge where he had reinstated a case on a petition for reinstatement assigning as good cause (1) mental incompetency of one of counsel for plaintiff, (2) sickness and death of one of a number of stockholders in plaintiff corporation, (3) announcement by trial judge of his retirement prior to next trial term of court, (4) defendant’s written suggestion to court that case set for trial be continued for term and removed from trial calendar, coupled with request to change hearing date, and (S) that statute of limitations, if held applicable, would diminish plaintiff’s claim upon refiling of cause.
In discussing one of the grounds, the court, in its opinion written by Associate Judge Lamar Warren, said:
“The single question presented is whether the petition for reinstatement showed good cause, it being our conclusion that it did not.
“Mental incompetence, tragic though it may be, is in essence a form of sickness. Illness of a temporary nature-extending over a period of weeks ordinarily presents no problem, for upon-recovery ample time still remains within which to avoid the impact of the-statute, but where it becomes apparent that the affliction will be of protracted-duration or perhaps even permanent in-nature, the time eventually comes when something must be done. The legislature contemplated such misfortunes as-illness, but in the act drew the line at one year, a liberal and reasonable period within which litigants may readjust themselves to almost any kind of calamity. Moore v. Fletcher, 159 Fla. 478, 32 So.2d 12; Allen v. Gaither, Fla.App.1959, 112 So.2d 855. Furthermore, other counsel for plaintiff appeared in the record.”
In the case of Gulf Appliance Distributors, Inc. v. Long, Fla.1951, 53 So.2d 706, our Supreme Court, in an opinion by Mr. Justice Roberts, said:
“This court has said that ‘This provision of the rule [as to reinstatement] contemplated that cause, such as would justify the court in refusing to dismiss, upon motion, in the first instance, be shown in order to have the case reinstated.’ Hancock v. Hancock, 128 Fla. 684, 175 So. 734, 739, cited in Moore v. Fletcher, 159 Fla. 478, 32 So.2d 12. And, certainly, the defendant in a cause would not be precluded from filing a motion to dismiss for failure of *631 prosecution, merely because he had, previously, employed new or different counsel; nor would this, without more, justify the denial of a motion to dismiss by the court.”
We cannot say that the grounds set forth as good cause for the reinstatement of the case dismissed by the trial judge were sufficient for this court to say that the trial judge exceeded his discretion in refusing to reinstate the cause.
Affirmed.
SMITH and WHITE, JJ., concur.