SACK, Judge
(dissenting).
I respectfully dissent from the majority holding for the reasons set out below.
Historically, the statutory abatement and dismissal of suits at law and in equity for want of prosecution originated with Chapter 14554, Laws of Florida, Acts of 1929, which authorized dismissal where it affirmatively appeared no action had been taken for a period of three years. Chapter 23965, Laws of Florida, Acts of 1947, amended the statute by requiring dismissal on motion of an interested party and permitting dismissal by the court of its own motion for want of prosecution extending over a period of one year. Chapter 28201, Laws of Florida, Acts of 1953, Chapter 29737, Laws of Florida, Acts of 1955, and Chapter 59-65, Laws of Florida, Acts of 1959, amended the statute in particulars not material to this appeal.
Numerous decisions of the Florida appellate courts have construed the statute and defined the procedure thereunder. The clear trend of the decisions is to strictly construe the statute to the end that it is incumbent on one seeking reinstatement to clearly demonstrate entitlement by a showing of good cause, which is generally interpreted as contemplating some compelling circumstances of a nature more substantial than mere inadvertence or neglect on the part of the plaintiff to prosecute the action.
*664 In Railway Exp. Agency v. Hoagland, 62 So.2d 756 (Fla.1953), the Florida Supreme Court, speaking through Mr. Justice Mathews, broadly enunciated the principles of law governing the power of the trial court to reinstate a cause abated under the statute, and was followed in Miller v. Hartley’s, Inc., 97 So.2d 211 (Fla.App.1957), both of which reversed orders reinstating actions dismissed under the statute, holding that good cause for reinstatement was not shown. In May v. State ex rel. Ervin, 96 So.2d 126 (Fla.1957), Mr. Justice Drew speaking for the Florida Supreme Court, reiterated the principle that the purpose of the statute is to expedite the course of litigation and keep the court dockets of this state as nearly current as possible, citing Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla.1951), and Yelvington & Son v. Sheridan, 65 So.2d 44 (Fla.1953).
In Davant v. Coachman Properties, Inc., 118 So.2d 844, 80 A.L.R.2d 1396 (Fla.App.1960), the District Court of Appeal held that the statutory period of one year is a liberal and reasonable period in which litigants may readjust themselves to almost any kind of calamity. This court adopted that conclusion in Fort Walton Lumber & Supply Company v. Parish Plumbing & Appliance, Inc., 142 So.2d 346 (Fla.App.1962). It is clearly the legislative and judicial concept that inordinate delay in adjudicating the rights of litigants encourages a proper criticism of court procedures.
In Atlantic Coast Line Railroad Company v. Hill, 76 So.2d 861 (Fla.1955), the Florida Supreme Court reversed a judgment for appellee Hill on the ground that the lower court committed error in vacating an order of dismissal entered pursuant to the statute here involved. In that case the motion for reinstatement asserted that plaintiff-movant had set for hearing a motion to dismiss and also a motion for more definite statement filed by the defendant railroad, and in effect was lulled to inaction by correspondence with defendant indicating it would shortly suggest a basis for settlement of the cause. In reversing a judgment for plaintiff entered subsequent to the order of reinstatement, the court said:
“It is shown by the record that no figures or offers of settlement were proposed or submitted ‘within a week’ or at any other time. The fact that one of the parties to the litigation discussed a settlement and promised to submit a proposal or figures within a week which was not done does not constitute the ‘good cause’ contemplated and required by the statute.”
See also: Moore v. Gannon, 178 So.2d 618 (Fla.App.1965); Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497 (Fla.1963); Beck v. Humkey, 146 So.2d 613 (Fla.App.1962); Sudduth Realty Co. v. Wright, 55 So.2d 189 (Fla.1951); Moore v. Fletcher, 159 Fla. 478, 32 So.2d 12 (1947).
Appellee contends that by filing the motion to dismiss and motion to strike addressed to the amended complaint appellant; assumed the duty to take affirmative action, toward having the court dispose of such motions. I find no merit in that contention.. Dismissal is required under the statute unless it affirmatively appears “from some action taken [within a period of one year] by filing of pleadings, order of court, or otherwise, that the same is being prosecuted.”' The duty is thus cast on the party seeking-relief to take some action avoiding the consequences of the statute.
Applying the statute and the decisions to-the several allegations of fact relied on by appellee as demonstrating good cause for-reinstatement of the abated action, I find, that the same are severally and collectively insufficient for the purpose in that: First. Assuming arguendo that the defendant-appellant by a pleading or other action taken prior to the filing of plaintiff’s amended' complaint did admit liability for the tort charged by the former complaint, the order of February 25, 1963 — permitting plaintiff' to file the amended complaint and allowing-defendant to plead thereto — coupled with the motions to dismiss and strike addressed', to the amended complaint, operated to nullify the prior transactions (pleadings) that. *665 were designed to develop the issues to be tried in the cause and made it necessary to make up such issues anew by subsequent pleadings. It was plaintiff’s duty to prosecute the cause — move it along — but this was not done, nor did plaintiff take any affirmative action within one year after defendant’s said motions were filed. Second. The •domestic problems between plaintiff and her former coplaintiff, followed by his dismissal as a party, relate to matters antedating the said order of February 25, 1963, and ■also antedating the defendant’s motions filed pursuant to said order. Such problems were followed by plaintiff’s failure to prosecute the action for more than one year. There was ample time to recover. Third. The statutory abatement of the action is in no wise affected by the fact, if such it be, that counsel for plaintiff did not receive copies of defendant’s said motions by mail as certified by counsel for defendant. Assuming the fact alleged, it only serves to enlarge rather than diminish the period in excess of one year after February 25, 1963, during which plaintiff took no affirmative action in the cause. Fourth. The fact that plaintiff has at all times stood ready to try the cause on its merits is impertinent and immaterial. Plaintiff’s attitude is irrelevent to the operation of the statute. Fifth. The plaintiff, whose duty it was to prosecute the action, cannot avoid the consequences of failing to do so on the ground that she had been under the impression it was ready for trial and she was standing by awaiting a trial date. Such “impression” is not justified in the face of a record which admittedly reveals that the issues had not been settled and the case had not been docketed for trial. Sixth. Plaintiff’s activities in the case prior to her one-year period of inaction and the knowledge of her counsel concerning the crowded condition of the court’s trial docket have no bearing on the question of whether the action is abated and subject to dismissal under the statute. Seventh. Plaintiff’s assault by the petition for reinstatement on the bona fides of the appellant in filing the motions addressed to the amended complaint herein presents no cause for reinstatement. Assuming arguendo that upon a recognizable pleading attacking the motions the same would have been stricken as sham or dilatory in character, the fact is that plaintiff did not make such attack and therefore is not in position to do so by way of excuse against the operation of the statute. I cannot agree that the operation of the abatement statute should be affected by a consideration of the bona fides or legal efficacy of the defendant’s pleadings. This would open the door for wholesale evasion of the purpose of the statute.
The plaintiff-appellee also contends' — -for the first time on this appeal — that the order reinstating the action should be sustained because the order dismissing for failure to prosecute was based on a premature motion of appellee seeking that action under the statute. The record shows that said motion was filed March 16, 1964, and the certificate of counsel for movant indicates that a copy was mailed to counsel for plaintiff on March 16, 1964. The record does not indicate that said copy was seasonably received by plaintiff’s counsel, nor does it appear that she took any affirmative action in the cause after receipt thereof and prior to entry of the order of dismissal on April 14, 1964. Meantime, her counsel was served by mail on March 20, 1964, with a copy of appellant’s notice of intention to apply to the court on April 14, 1964, for an order dismissing the cause under the statute. Ap-pellee points out that defendant’s aforesaid motion to dismiss and motion to strike addressed to the amended complaint were not filed in the office of the clerk until March 18, 1963, and that consequently the motion to dismiss the cause under F.S. § 45.19(1), F.S.A., filed March 16, 1964, was premature because one year had not expired since the filing dates of the motions assaulting the amended complaint. The contention is without merit because it affirmatively appears that more than one year elapsed between March 18, 1963, and March 20, 1964, on which date appellant filed and served on counsel for appellee the above-mentioned notice of hearing, and because, notwith *666 standing any infirmities in the lapse period between the date of the actual filing of the critical motions in the cause and the date of the order of dismissal, there is no question that more than one year elapsed before the latter and that appellee did not in the meantime take any affirmative action by which to avoid the mandate of the statute.
Plaintiff’s petition for reinstatement candidly acknowledged that failure to diligently prosecute the cause was due to “lack of diligence or simple inadvertence.” Such is not good cause for reinstatement. I would therefore vacate the order of May 13, 1964, and reinstate the order of dismissal entered April 14, 1964.