HAVERFIELD, Judge.
Plaintiff-appellant, Ana Artigas Mantei-ga, seeks review of the lower court’s order dismissing her complaint for want of prosecution.
Plaintiff filed her complaint on October 28, 1970, in which she alleged that injuries she received were proximately caused by defendant City of Miami’s negligence in maintaining a public thoroughfare. On November 23, 1970 the city filed a motion to dismiss the complaint and its answer. Plaintiff thereafter filed interrogatories to defendant on December 2, 1970 and a notice of taking deposition on December 10, 1970. The matter proceeded without any further action by either party until defendant filed a notice of trial on February 18, 1972. Ten days later the court, on its own motion and pursuant to RCP 1.420(e), 30 F.S.A, gave notice that an order of dismissal for want of prosecution would be entered after a hearing on March 9, 1972 unless a party was able to show good cause in writing at least five days before said hearing why the action should remain pending. Plaintiff did not respond to this notice and the order of dismissal was entered on the appointed date. On March 16, 1972 plaintiff filed a petition for rehearing which was denied.
Public policy demands the prompt dispatch of a court’s business, requires that the course of litigation be expedited and that court dockets be as nearly current as possible. Yelvington and Son, Inc. v. Sheridan, Fla. 1953, 65 So.2d 44; Gulf Appliance Distributors, Inc. v. Long, Fla.1951, 53 So.2d 706; Young v. Pyle, Fla.App. 1967, 193 So.2d 659. Accordingly, an action may be dismissed for failure to prosecute under RCP 1.420(e):
“(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a *538 party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.”
In the instant case defendant contends that the prosecution of a suit under these circumstances contemplates something more than a mere passive effort to keep the suit on the docket. An active measure taken by plaintiff is seen by defendant to be the requisite action needed to hasten the suit to judgment. Defendant reasons that because the notice of trial filed on February 18, 1972 was a motion made by defendant, it does not constitute the necessary action taken by plaintiff to keep the suit from being dismissed.
Two recent Florida Supreme Court decisions have interpreted RCP 1.420(e) contrary to appellee’s position. The first case, Eastern Elevator, Inc. v. Page, Fla.1972, 263 So.2d 218, dealt directly with the question of the necessity for affirmative action in a cause by either the plaintiff or the defendant. The Supreme Court found that the alleged need for a plaintiff to take the sufficient affirmative action to justify a denial of a motion to dismiss for lack of prosecution was based upon a mere inferential reference within a quote from a Louisiana case, Augusta Sugar Co., Ltd. v. Haley, 163 La. 814, 112 So. 731, 732 used in Gulf Appliance Distributors, Inc. v. Long, supra at 707 of 53 So.2d, as follows :
“We think that a step in the prosecution of a suit means something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment . . .”
The Florida Supreme Court, in Eastern Elevator, did not place the same significance on the word “plaintiff” in the quote as does appellee in the case sub judice. The court clarified the effect of RCP 1.-420(e) by stating that any affirmative action taken by either a plaintiff or defendant, depending upon the facts in each individual case, will be appropriate under the rule to keep the action from being dismissed if the ultimate purpose of such act is to hasten the suit to judgment.
Musselman Steel Fabricators, Inc. v. Radziwon, Fla.1972, 263 So.2d 221, is the second Florida Supreme Court decision which is contra to appellee’s position. Under Musselman, the Supreme Court states that the necessary affirmative action sufficient to justify the denial of a motion to dismiss for failure of prosecution is not confined to acts within the record if such an act is intended and calculated to hasten the suit to judgment. For example, in Musselman, the court reporter’s filing of depositions of witnesses within one year immediately prior to the filing of the motion was seen to be sufficient.
Other issues raised by appellee were without merit. We, therefore, reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.