270 So.2d 746 (1972)
Larry GROSSMAN, Appellant,
v.
George SEGAL and Joel Dennis, Appellees.
No. 72-1232.
District Court of Appeal of Florida, Third District.
December 15, 1972.
Rehearing Denied January 15, 1973.
Levine, Helman & Reckson, Miami, for appellant.
Sparber, Zemel, Roskin & Heilbronner and Ben P. Kazer, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendant-appellant, Larry Grossman, brings this interlocutory appeal to review the lower court's order denying his motion to dismiss plaintiff-appellees', George Segal and Joel Dennis, complaint for lack of prosecution.
The complaint in this cause was filed by plaintiffs on June 30, 1967 and due to various delays, numerous substitution of attorneys and protracted discovery proceedings the case progressed very slowly. On August 21, 1972 appellant filed a motion to dismiss the complaint, pursuant to RCP 1.420(e), 30 F.S.A., upon the grounds that it affirmatively appeared from the file that no action had been taken by plaintiffs to prosecute the case for a period of one year prior to the motion. Following arguments by counsel, the trial judge denied the *747 motion stating that this particular factual situation did not call for the enforcement of RCP 1.420(e).
When a motion to dismiss is made, a party is required to show either active prosecution within the preceding year or good cause for his failure to prosecute to avoid dismissal of his complaint. Chrysler Leasing Corp. v. Passacantilli, Fla. 1972, 259 So.2d 1; Sroczyk v. Fritz, Fla. 1969, 220 So.2d 908; Fleming v. Florida Power Corp., Fla.App. 1971, 254 So.2d 546; Adams Engineering Co. v. Construction Products Corp., Fla.App. 1962, 141 So.2d 300, opinion quashed on other grounds, Fla., 156 So.2d 497, on remand, Fla.App., 158 So.2d 559; Schumaker v. Orange State Oil Co., Fla. App. 1962, 141 So.2d 628. In the case sub judice defendant had engaged in delaying tactics and was not free from criticism. The trial judge properly exercised his discretion and denied the motion to avoid "an unfair result" that would "defeat the cause of justice". We uphold the denial of defendant's motion based upon the good cause exhibited by plaintiffs which excused their failure to prosecute.
All other issues raised by defendant are not sufficient to warrant a reversal. However, we must mention and dispose of the argument raised by defendant that the illness of plaintiffs' counsel was responsible for the denial of the motion to dismiss. The one year period established in RCP 1.420(e) is liberal enough to contemplate a misfortune such as illness because the litigants have sufficient time to read-just themselves to this type of calamity, Davant v. Coachman Properties, Inc., Fla. App. 1960, 118 So.2d 844, and a temporary illness will not work an extreme hardship that would satisfy the good cause requirement of RCP 1.420(e). In the instant case plaintiffs' attorney was only temporarily ill and the affliction did not begin until the day before the one year period expired; therefore, this was not the determinative factor used by the court below in reaching its decision and it will not require a reversal on appeal.
Consequently, the order entered by the trial court is hereby affirmed.
Affirmed.